**PHILLIPS et ux. v. CITY OF ABILENE.**

No. 2545.

Court of Civil Appeals of Texas. Eastland.

May 10, 1946.

Rehearing Denied June 7, 1946.

John W. Reid and W. E. Lessing, both of Abilene, for appellants.

E. M. Overshiner and W. W. Hair, both of Abilene, for appellee.

LONG, Justice.

The parties will carry the same designation here as in the trial court. Plaintiffs, Troy Phillips and wife, Otha Phillips, brought this suit against the City of Abilene for damages as a result of personal injuries sustained by Mrs. Phillips by reason of stepping into a water meter located at their home in Abilene, Texas. A trial was had before the court and jury. All questions of negligence and proximate cause were answered by the jury favorable to the plaintiffs and damages were assessed

148

against the defendant in the sum of $500. However, the court granted defendant's motion for a judgment non obstante veredicto, from which judgment plaintiffs have appealed.

Among other defenses plead by the defendant was the following ordinance of the City of Abilene:

"Sec. 1. Before the City of Abilene shall be liable for personal injuries of any kind, the person injured or some one in his behalf shall give the Mayor or the Board of Commissioners of said City notice in writing of such injury within thirty days after the same has been sustained, stating specifically in such notice when, where and how the injury occurred, and the apparent extent thereof, and the failure to so notify shall exonerate, excuse and exempt the City from all liability whatsoever."

"Sec. 4. No officer or employee of the city shall have authority to waive any of the provisions of this ordinance as to notice, but same may be waived only by a resolution of the Board of Commissioners of said City, made and passed before the expiration of the times herein mentioned, and evidenced by the minutes of the Board of Commissioners of said City."

Defendant alleged that the plaintiffs failed to comply with the above ordinance, in that they did not give the required written notice of the injury within 30 days after the same was alleged to have been sustained. Plaintiffs contended in the trial court and here contend that they complied with the ordinance. The plaintiff, Troy Phillips, testified that on the day after his wife sustained the injuries complained of he went to the office of Hon. W. W. Hair, the Mayor of the City of Abilene, and there on that occasion had a conversation with the Mayor. From the testimony of Mr. Phillips on that point we quote:

"Q. What did you tell him there? A. I told him, I says, 'Mr. Hair,' I says, 'My wife fell in the water meter down there at 501 Cherry yesterday evening and is hurt.'

"Q. Did he write that down somewhere? A. Yes, sir.

"Q. Where was he, at the City Hall? A. Yes, sir. I was at the city hall.

"Q. by Mr. Lessing: And you know that fact was written down there? A. Yes, sir. He said he would present it to the Board of Commissioners.

"Q. Now, wait á minute. What else did you tell him, about the accident? A. About the accident?

"Q. Yes, sir. A. That was all.

"Q. Well, did you say anything about your wife being injured? A. I told him that she was injured, yes, sir.

"Q. You gave him the number of the premises—you give him the number of the premises? A. Yes, sir.

"Q. And you tell him how she was injured? A. Told him that she was out there in the yard and stepped on this water meter lid and it flew out and she fell in and it throwed her then.

"Q. What date was that? A. That was the second day of March.

"Q. And those facts reduced to writing there, by Judge Hair? A. Yes, sir.

"Q. by Mr. Lessing: Well, what did Judge Hair say then? A. Well, when he got this wrote down, what I told him, he tore the slip of paper off and folded it up and put it in his pocket and said, 'I'll present this to the Commission.' "

Plaintiffs contend that this is a substantial compliance with the ordinance requiring a written notice of the alleged injury.

The law is well settled in Texas that an ordinance such as the one involved here, requiring a written claim for personal injury against a city to be filed within 30 days, is mandatory, and that such filing is a condition precedent before a suit can be maintained against the city for such injury. City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692 (and cases therein cited at page 693); Johnson v. City of Glendale, 12 Cal.App.2d 389, 55 P.2d 580.

It is further well settled that actual knowledge by the city officials of all of the facts necessary to be stated in the notice is not sufficient to comply with the law that requires that the notice be in writing and presented to the City Commission. 38 Am. Jur. p. 405; Reid v. Kansas City, 195 Mo. App. 457, 192 S.W. 1047.

We have reviewed many authorities touching on this subject, not only the ones cited by the parties in their briefs, but we have made an independent investigation in an endeavor to arrive at a correct answer to this question. It is our considered opinion that the facts proved by the plaintiffs were not sufficient to constitute a written notice as contemplated by the law. It seems to us that the evidence shows merely an oral statement made by the plaintiff to Mayor Hair as to how, when and where the injuries were sustained by his wife. The oral statement did not disclose the extent of Mrs. Phillips' injuries, as required by the ordinance. Evidently one of the purposes of the ordinance is to promptly put claimants upon record as to how the accident occurred, the nature and extent of the injuries, as well as the time and place thereof so as to avoid such matters resting in parol until time of trial. If it should be held that the notice as given in this case is sufficient, the very purpose of the ordinance would be destroyed. As will be seen from a reading of the Statement of Facts in this case, the mayor and the plaintiff do not agree as to what occurred in the city hall at the time plaintiff testified he reported the accident to the mayor. Plaintiffs were compelled to rely upon parol testimony to establish that a notice of the injury was given and also as to the contents thereof. The written instrument that the plaintiff says was prepared by the mayor was not signed by plaintiffs, or either of them. They were not in any way bound by its contents. If the plaintiffs had appeared before the City Commission and had imparted the same information as was given to the mayor and some member of the Commission at that time had made a written memorandum of the facts disclosed, we believe that under such circumstances the ordinance requiring written notice would not have been complied with.

Plaintiffs further contend in the trial court and contend here that even though it should be held that the notice as given was not sufficient, that by reason of the acts and conduct of the Mayor and the City Commissioners the city is thereby estopped from pleading the provisions of the ordinance as to notice in writing of the alleged injuries. As a basis for such estoppel plaintiffs allege the action of the Mayor in reducing to writing the information given him by the plaintiff Troy Phillips and his statement to Mr. Phillips that he would present the notice to the City Commission, and further, that after the conversation between the mayor and the plaintiff that one of the City Commissioners, Mr. Tom Bacon, came to the plaintiffs' home at 501 Cherry Street and represented to the plaintiffs that he was investigating the injury received by Mrs. Philllips, and that he would report his findings to the Commission, and that plaintiff would hear from the City; that plaintiffs relied upon the representation so made and the same caused plaintiffs not to give any other form of written notice of the accident, as required by the ordinance. There is evidence that Mrs. Phillips appeared before the City Commission after the 30 day period had expired for the giving of the written notice and presented her claim orally to the Commission. The record shows that there was some discussion as to the nature and extent of her injuries and of the amount to which she might be entitled by reason thereof. Under the well settled authorities any action by the City Commission after the 30 day period had expired for the filing of a written notice cannot be the basis for an estoppel. City of Brownsville v. Galvan, 139 Tex. 128, 162 S.W.2d 98; City of Waco v. Thralls, Tex.Civ.App., 128 S.W.2d 462; City of Waco v. Landingham, 138 Tex. 156, 157 S.W.2d 631.

With that portion of the testimony excluded as to matters after the 30 day period, it becomes our duty to determine whether the action of the mayor and the city commissioners within the 30 day period is sufficient to bring about an estoppel. Upon this question of estoppel the court submitted the following special issues, to each of which the jury answered "yes":

"Question No. 9: Do you find from a preponderance of the evidence that on or about the 3d, day of March, 1945, Honorable Will Hair, as Mayor of the City of Abilene, made a written memorandum of the accident to Otha Phillips, from information given him by Troy Phillips?

"Question No. 10: Do you find from a preponderance of the evidence that after the making of the written memorandum, if you have found it was so made, Mayor Will Hair told Troy Phillips that the matter would be reported to the City Commission?

"Question No. 11: Do you find from a preponderance of the evidence that on or about the 23d, day of March 1945 and within thirty days after the third day of March 1945, Tom Bacon came to the plaintiffs' home at 501 Cherry Street and represented to the plaintiffs that he was investigating the injury received by Otha Phillips and that he would report his findings to the Commission and that the plaintiffs would hear from the City?

"Question No. 12: Do you find from a preponderance of the evidence that plaintiffs relied upon the representations so made, if you have so found, and that such representations and reliance thereon caused plaintiffs not to give any other formal written notice of the accident as required by the ordinance of the City of Abilene providing for such notice?"

As stated with reference to the other points in the case, we have carefully reviewed the authorities on this question and have come to the conclusion that no facts constituting estoppel are shown. As will be seen from reading the ordinance with reference to the written notice, it provides that the provisions thereof cannot be waived by any officer or employee of the city, but may be waived only by resolution of the board of commissioners. Plaintiffs do not allege a waiver on the part of the city, but allege that the city is estopped by reason of the acts and conduct of the Mayor and the City Commissioners. If the Mayor and City Commissioners could waive the requirements of written notice plaintiffs' testimony would probably raise the issue of waiver, but we think ·it is insufficient to raise the issue of estoppel. We believe that under some facts and circumstances the city may be estopped from pleading the ordinance requiring written notice. It was so held in the case of Cawthorn v. City of Houston, Tex.Com. App., 231 S.W. 701. But that case is distinguishable from the case at bar upon the facts. In the Cawthorn case there was no

ordinance prohibiting the city commission from waiving a compliance with the ordinance requiring written notice. Further, in that case it is shown that the commissioner, whose act and conduct brought about the estoppel, was acting under the authority of the mayor and the city commission. As has been heretofore stated, in the case at bar the ordinance prohibits the waiving of any of the provisions thereof, except by resolution of the city commission. There is no showing in the record that the mayor was authorized by the city commission to write the notice for the plaintiffs and agree to submit the same to the city commission. There is no showing that Mr. Bacon, the water commissioner, had any authority from the city commission to settle plaintiffs' claim, to investigate it, or to do anything in connection therewith. If it should be held that the city was estopped by reason of the acts and conduct of the mayor and city commissioners, then that portion of the ordinance that prohibits a waiver of the written notice would be nullified. The doctrine of estoppel cannot be invoked to nullify a mandatory statutory restriction. Layne-Western Co. v. Buchanan County, 8 Cir., 85 F.2d 343; 31 C.J.S., Estoppel, § 141(b). The city cannot be estopped by unauthorized acts of its officers. "The state cannot be estopped by the acts of any of its officers, done in the exercise of a power not conferred upon them, any more than it can be bound by contracts made by its officers which they were not empowered to make. The powers of all officers are defined and conferred by law, and of these all persons who deal with them must take notice. Acts done in excess of the powers conferred are not official acts." Day Land and Cattle Co. v. State, 68 Tex. 526, 4 S.W. 865, 879. The principles enunciated above are applicable to a municipal corporation, the same as to the state. 31 C.J.S., Estoppel, § 142(b). The City of Abilene can act only through its Board of City Commissioners. The Commissioners. acting individually and separately cannot. bind the city. King v. Guerra, Tex.Civ. App., 1 S.W.2d 373; 30 Tex.Jur. p. 190,. sec. 96; Peck v. City of Hempstead, 27 Tex.Civ.App. 80, 65 S.W. 653; Penn v. City of Laredo, Tex.Civ.App., 26 S.W.

636; City of Bryan v. Page, 51 Tex. 532, 32 Am.Rep. 637; City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440, 26 Am.St.Rep. 763; Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104.

For the reasons above stated, we hold that the evidence is insufficient to show an estoppel as against the City of Abilene.

It is also claimed by the plaintiffs that the City of Abilene had no power to pass the ordinance requiring written notice of a claim for personal injury. It was agreed by the parties upon trial of this case that the City of Abilene is operating under a special law passed by the 32nd Legislature of the State of Texas. Certain portions of the city charter dealing with the powers granted to the city thereunder were in evidence. We deem it unnecessary to set out these provisions here. We believe that under the law and the charter under which the City of Abilene is operating, that the Board of Commissioners had ample power to enact the ordinance involved herein.

We believe that an instructed verdict would have been proper in this case, and thus believing, we hold that the action of the trial court was correct in granting the defendant's motion for a judgment notwithstanding the verdict.

The judgment of the trial court is in all things affirmed.