Stella DIAS, Appellant,

v.

**The CITY OF SAN ANTONIO, Appellee.**

**No. 15088.**

Court of Civil Appeals of Texas, San Antonio.

Oct. 18, 1972.

Rehearing Denied Nov. 22, 1972.

Goodstein, Semaan & Gonzalez, Sam Bashara, San Antonio, for appellant.

Lang, Cross, Ladon, Boldrick &' Green, Kirk Patterson, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a take-nothing summary judgment in appellant's suit to recover damages allegedly sustained while a passenger on a bus operated by the San Antonio Transit System, which is owned by the City and operated through a Board of Trustees under the terms of a trust indenture approved by ordinance adopted at the time the Transit System was purchased by City.

The summary judgment proof establishes that appellant did not give written notice of her injury to the City Manager or the City Clerk within ninety days after same was sustained as required by Section 150 of the City Charter. Appellant concedes such failure but urges that such written notice was waived or, in any event, the City is estopped to assert such failure by the actions of Mr. Elmo Lammons, the head of the Transit System loss control department, and Mr. Tom Valdez, an investigator for said System. There is summary judgment proof that on the day of the accident, appellant telephoned Mr. Lammons and reported the accident to him. Appellant advised him of the details of the accident and the apparent extent of her injuries. The Transit System investigated the accident, and Mr. Valdez, while acting in the scope and course of his employment for said System, told appellant that City would pay her medical bills and "take care of the matter." The investigation was conducted in the same manner as it would have been had written notice been provided to the City Manager or Clerk.

The basic rules of law controlling this situation are well settled. A charter provision requiring written notice within a time certain, such as set forth in Section 150 of the City Charter, is mandatory, and such filing is a condition precedent before a suit can be maintained against the City. City of Houston v. Hruska, 155 Tex. 139, 283 S.W.2d 739 (Tex.1955); Cawthorn v. City of Houston, 231 S.W. 701 (Tex.Com.App. 1921, holding approved); Phillips v. City of Abilene, 195 S.W.2d 147 (Tex.Civ.App. —Eastland 1946, writ ref'd). Nevertheless, the City may waive its rights under such a charter provision and may also be

estopped from relying thereon. Cawthorn v. City of Houston, supra; City of Denison v. Fulce, 437 S.W.2d 277 (Tex.Civ. App.—Texarkana 1969, writ ref'd n. r. e.); Smith v. City of Dallas, 404 S.W.2d 839 [Tex.Civ.App.—Dallas 1966, no writ, on second appeal, 425 S.W.2d 467 (Tex.Civ. App.—Dallas 1968, no writ)].

■ A city may dramatically limit the possibility of a waiver or estoppel by adoption of a "non-waiver ordinance" as considered in City of Houston v. Hruska, supra, and Phillips v. City of Abilene, supra. Under such an ordinance, the authority to waive the written notice requirement is specifically limited to a formal resolution of the City Council. In *Hruska*, the charter of the City of Houston provided that no one had the authority to waive the ninety-day written notice provision other than by a resolution passed within said ninety days by the City Council. Although it is obvious that such a provision would virtually eliminate a waiver or estoppel in that it is difficult to conceive how such a resolution could be passed without the city receiving the notice required by the charter, the Supreme Court expressly upheld the validity of such provision in *Hruska*. Furthermore, a similar provision was upheld by the Supreme Court's action in refusing outright an application for writ of error in *Phillips*.

The City of San Antonio has adopted a "non-waiver" ordinance similar to that considered in *Hruska* in that Ordinance No. 27462, which was in effect at all relevant times involved herein, provides in effect that written notice of claim may be waived only by resolution of the City Council adopted within ninety days from date of the injury. While appellant would question the wisdom or fairness of such rule, particularly since City suffered no harm whatsoever from failure to give the required written notice to the City Manager or Clerk, she urges that such authorities have no application here since City, by ordinance had given the Board of Trustees absolute and complete authority and power with reference to the control, management and operation of the Transit System, including the expenditure of funds to pay claims.

A somewhat similar situation was presented in Smith v. City of Dallas, supra. In the first appeal, it was held that issues of fact were joined on Smith's pleas of waiver and estoppel by the acts and conduct of one Walsh in lulling Smith into a feeling of security by investigating the claim and assuring Smith that the claim would be settled. However, on second appeal, the summary judgment for Dallas was upheld because there was no evidence of a waiver by Dallas of the notice provision. It is seen, however, that such holding is largely based on the premise that Walsh, who had all the contact with Smith, was an investigator employed by the liability insurer of Dallas. Although Dallas had given the Transit Board authority to manage and conduct the Transit System with the same freedom ordinarily employed by board of directors of a private corporation, there was no showing that said Board had empowered Walsh to act for it or for Dallas. Walsh was simply an employee of the liability insurance company and acting in its behalf.

■ To the contrary, Lammons was an employee of the Transit System and, in fact, had been expressly designated by the Board of Trustees thereof as head of the loss control department and authorized to settle claims for sums up to $1,000. Thus, he was acting within his express authority from the Board of Trustees in investigating the claim and securing the written report from appellant. By ordinance, the City of San Antonio had given absolute and complete authority to the Board of Trustees to manage and operate the Transit System, including the expenditure and application of the revenues. Necessarily included therein was the authority to handle damage claims. In turn, the Board of Trustees had authorized Lammons to act

for said Board, and he was acting in this capacity in all his dealings with appellant. He was authorized to settle this claim with appellant without notice to or approval by the City Council, Manager or Clerk.

The ordinance granting specific authority to the Board of Trustees to manage and operate the Transit System is controlling in this case over the prohibition contained in the general non-waiver ordinance. Accordingly, fact issues of waiver and estoppel are presented by the summary judgment record before us which prohibit the granting of a summary judgment to City.

The judgment is reversed and the cause remanded.