Foy Granvil BARRETT, Appellant,

v.

CITY OF DALLAS, Appellee.

No. 18032.

Court of Civil Appeals of Texas, Dallas.

Jan. 18, 1973.

Michael Greenberg, Parnass, Clement & Cline, Irving, for appellant.

J. Alex Bickley, City Atty., Peter Thompson, Asst. City Atty., Dallas, for appellee.

BATEMAN, Justice.

The appellant Foy Granvil Barrett sued the appellee City of Dallas to recover damages for personal injuries allegedly suffered by him while employed by the City. The trial court sustained appellee's motion for summary judgment because of appellant's failure to give the written notice required by Section 1 of Chapter XXVIII of the Charter of the City of Dallas, as follows:

"The City of Dallas shall never be liable for any personal injury, whether resulting in death or not, unless the person injured, or someone in his behalf, or in the event the injury results in death, the person or persons who may have a cause of action under the law by reason of such death injury, shall file a notice in writing with the City Manager or City Secretary within thirty (30) days after the same has been received, stating specifically in such notice, when, where and how the exact injury occurred, and the full extent thereof, together with the amount of damages claimed or asserted."

Section 6 of Chapter XXVIII of appellee's charter provided:

"Neither the Mayor, any City Councilman, the City Manager, City Secretary, City Attorney, or any other officer or employee of the City shall have authority to waive any of the provisions of this Chapter, but same may be waived only by resolution of the City Council made and passed before the expiration of the said thirty (30) day period provided for in the above sections, which resolution shall be evidenced by the minutes of the City Council * * *."

Appellant does not attack the validity of either of said charter provisions. Nor does he contend that he gave the notice required by Section 1, or that appellee waived compliance with the notice provision; his only contention being that by having established a custom, practice and policy of payment of medical expenses for injured employees, which lulled him into believing that it would not be necessary for him to file his claim at any certain time, appellee was estopped to demand strict compliance with the notice provision.

It appears without dispute from the summary judgment evidence that appellant, who was employed by appellee to work in its Park Department, was injured on May 17, 1971 while on duty; that he immediately reported his injury to his foreman and supervisor, but did not file a written notice of his claim with the City Secretary until October 12, 1971; that appellee customarily provides medical treatment for employees injured in line of duty; that pursuant to such custom appellee provided medical treatment for appellant until September, 1971.

Appellant relies largely on City of Waco v. Thralls, 172 S.W.2d 142 (Tex.Civ.App., Waco 1943, writ ref'd w. o. m.), and Cawthorn v. City of Houston, 231 S.W. 701 (Tex.Comm'n App.1921, jdgmt adopted). In both cases there was either a charter provision or an ordinance which required the filing of a claim for damages within a certain number of days, but neither city had a charter provision or an ordinance denying authority to the officials and employees of the city to waive the notice provision. It was held in both cases that a

city may, by acts of its duly authorized agents, so conduct itself within the thirty or ninety day period, as the case may be, as to lull the plaintiff into a false sense of security, causing him to think that it was waiving the notice provision, and that if an ordinarily prudent person, under the same or similar circumstances, would have so concluded, then the city is estopped to demand strict compliance therewith, even though the city officials had no intention of waiving the charter provisions.

■ It has been held, and may now be considered settled law, that an ordinance or charter provision such as the one involved here, requiring a written claim of damages for personal injury against a city within thirty days after the injury, is mandatory, and that such filing is a condition precedent to a recovery of such damages by suit. City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692, 693 (1938). This rule is subject to the qualification that under some circumstances compliance with such a notice provision may be waived, or the city may *by authorized acts* of its officers or employees so lull the injured employee into a sense of security that he may properly contend that the city is estopped to demand strict compliance with the notice provision.

■ However, a city may not be bound or estopped by acts or conduct of an officer or employee of the city not expressly authorized. Hallman v. City of Pampa, 147 S.W.2d 543, 546 (Tex.Civ.App., Amarillo 1941, writ ref'd); Phillips v. City of Abilene, 195 S.W.2d 147, 150 (Tex.Civ. App., Eastland 1946, writ ref'd). In the latter case the city had passed ordinances similar to the two charter provisions of the City of Dallas above quoted. It was pointed out that neither the mayor nor any commissioner was authorized by the City Commission to settle Phillips' claim, to investigate it, or to do anything in connection therewith. In this connection the court said:

"If it should be held that the city was estopped by reason of the acts and conduct of the mayor and city commissioners, then that portion of the ordinance that prohibits a waiver of the written notice would be nullified. The doctrine of estoppel cannot be invoked to nullify a mandatory statutory restriction * * *. The city cannot be estopped by unauthorized acts of its officers."

Cawthorn v. City of Houston, supra, was distinguished in Phillips v. City of Abilene, supra, on the ground that the City of Houston did not then have an ordinance prohibiting the officers and employees of the city from waiving compliance with the ordinance requiring written notice, and also on the ground that the commissioner in *Cawthorn,* whose act and conduct brought about the estoppel, was acting under express authority of the mayor and the city commission, whereas the mayor in *Phillips* acted without authority.

This distinction was approved by our Supreme Court in City of Houston v. Hruska, 155 Tex. 139, 283 S.W.2d 739, 743 (1955). The City of Houston had, since the decision in *Cawthorn,* passed an ordinance requiring that any waiver of the charter provision requiring notice within ninety days be by resolution of the City Council, passed during the ninety day period. It was held that there was no waiver by proper authority of the city, and no basis for estoppel, in the fact that the city paid Hruska's salary for about a year without his doing any work for the city during that period. Note the following statement from the opinion at 283 S.W.2d 743:

"If the salary payments were in fact by way of lawful extended sick leave, and Hruska assumed them to be such, as seems to be argued for him that he did, or should be considered as doing, this would obviously not be ground for estoppel, because payment for sick leave is simply not a representation that notice of a claim for *damages* is waived. If he

thought he was being paid lawful sickness benefits, he had no reason to be misled about notice of a claim he might file for damages at common law."

Likewise, payment of medical expenses "is simply not a representation that notice of a claim for *damages* is waived." He knew the city was paying his medical expenses, but this gave him "no reason to be misled about notice of a claim he might file for damages at common law."

The key to distinguishing *Thralls* and *Cawthorn* from the case at bar lies, we think, in the fact that in the case at bar we have a charter provision requiring specific procedure for waiver which was not followed, while in *Thralls* and *Cawthorn* there was no such provision. Appellee's custom to pay medical expenses of its employees injured in line of duty, even though administered by duly authorized agents of appellee, is not such conduct of the city as would be any evidence of waiver or any basis for application of the doctrine of estoppel, not because the payment of the medical expenses was not authorized, but because Section 6, of Chapter XXVIII, of the charter sets forth an exclusive means of waiving the notice provision in Section 1, a method entirely different from the acts relied on by appellant.

Dallas is a home rule city, and appellant is charged with knowledge of the provisions of its charter. His position must therefore be assessed as though he had actual knowledge thereof. Knowing that the charter required him to file written notice of his claim within thirty days after his injury, and also knowing that no officer or employee of appellee had authority to waive that requirement, and that it could be waived only by resolution of the City Council passed within the thirty days, appellant is in no position to assert that appellee's custom of paying medical expenses over a period exceeding the thirty day period constituted a representation to him that the city would do what he knew it

could not do by that means, i. e., waive compliance with the notice provision of the charter.

In our opinion, therefore, the summary judgment was correct.

Affirmed.