Ezra Charles **BRANTLEY**, Appellant,

v.

The **CITY OF DALLAS**, Appellee.

No. 4644.

Court of Civil Appeals of Texas,
Eastland.

April 18, 1973.

Rehearing Denied Aug. 17, 1973.

Mark Delk, Dallas, for appellant.

N. Alex Bickley, City Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

Ezra Charles Brantley, an employee of the City of Dallas, sued the City for injuries he allegedly received while levelling concrete in connection with the repair of a street in Dallas. Following the injury, plaintiff received medical treatment which was authorized by the City. Brantley filed a written notice of claim with the City Manager 74 days after the date of injury. The trial court granted City's motion for summary judgment because plaintiff, Brantley, failed to give the written notice required by Section 1 of Chapter XXVIII of the Charter of the City of Dallas. Plaintiff has appealed. We affirm.

Section 1 of Chapter XXVIII provides:

"NOTICE REQUIRED—PERSONAL INJURY—The City of Dallas shall never be liable for any personal injury, whether resulting in death or not, unless the person injured, or someone in his behalf, or in the event the injury results in death, the person or persons who may have a cause of action under the law by reason of such death injury, shall file a notice in writing with the City Manager or City Secretary within thirty (30) days after the same has been received, stating specifically in such notice, when, where and how the exact in-

jury occurred, and the full extent thereof, together with the amount of damages claimed or asserted."

Section 6 of Chapter XXVIII provides:

"WAIVER OF NOTICE—Neither the Mayor, any City Councilman, the City Manager, City Secretary, City Attorney, or any other officer or employee of the City of Dallas, shall have authority to waive any of the provisions of this Chapter, but the same may be waived only by resolution of the City Council made and passed before the expiration of the said thirty (30) day period provided for in the above sections, which resolution shall be evidenced by the Minutes of the City Council."

Plaintiff argues that the 30 day written notice provision violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. He also contends that he substantially complied with the charter provision and that the City is estopped to claim that he failed to comply with the 30 day notice provision. Plaintiff does not contend that his failure to comply resulted from either physical or mental incapacity. See McCrary v. City of Odessa, 482 S.W. 2d 151 (Tex.Sup.1972) and City of Waco v. Landingham, 138 Tex. 156, 157 S.W.2d 631 (1941).

The rule is well established in Texas that charter provisions requiring written notice of an injury within a fixed time are valid and compliance is a condition precedent to the maintenance of an action against the city. McCrary v. City of Odessa, supra; City of Dallas v. Shows, 212 S.W. 633 (Tex.Com.App.1919); Cawthorn v. City of Houston, 231 S.W. 701 (Tex.Com.App.1921); City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692 (Tex.Com.App.1938); Phillips v. City of Abilene, 195 S.W.2d 147 (Tex.Civ.App.—Eastland 1946, writ ref'd); City of Houston v. Hruska, 155 Tex. 139, 283 S.W.2d 739 (1955); Barrett v. City of Dallas, 490 S.W.2d 605 (Tex.Civ.App.—Dallas 1973, no writ).

In Phillips v. City of Abilene, supra, the plaintiff filed suit against the city for personal injuries. The city argued that plaintiff failed to comply with the notice requirement which contained a non-waiver provision similar to the provision involved here. Plaintiff contended that he had substantially complied with the notice provision because on the day following the accident, he went to the office of the mayor and told the mayor personally the date his wife was injured as well as where and how the accident occurred. Plaintiff testified the mayor reduced to writing the information given to him and told plaintiff he would present it to the board of commissioners. The ordinance provision required notice in writing within 30 days to the mayor or the board of commissioners. Plaintiff also contended that the acts and conduct of the mayor estopped the city from asserting the provisions of the ordinance as to notice in writing. In holding that the plaintiff had failed to comply with the written notice provision this Court stated:

"The law is well settled in Texas that an ordinance such as the one involved here, requiring a written claim for personal injury against the city to be filed within 30 days, is mandatory, and that such filing is a condition precedent before a suit can be maintained against the city for such injury. . . . It is further well settled that actual knowledge of the city officials of all of the facts necessary to be stated in the notice is not sufficient to comply with the law that requires that the notice be in writing and presented to the City Commission."

The estoppel argument was answered as follows:

". . . As will be seen from reading the ordinance with reference to the written notice, it provides that the provisions thereof cannot be waived by any officer or employee of the city, but may be waived only by resolution of the board

of commissioners. . . . If it should be held that the city was estopped by reason of the acts and conduct of the mayor and city commissioners, then that portion of the ordinance that prohibits a waiver of the written notice would be nullified. The doctrine of estoppel cannot be invoked to nullify a mandatory statutory restriction."

Phillips v. City of Abilene, supra, was expressly approved by the Texas Supreme Court in City of Houston v. Hruska, supra. There it was contended that plaintiff was lulled into a false sense of security by acts and conduct of city employees, which caused him not to file his claim within the time specified in the charter. The Court reaffirmed the validity of the written notice requirement and the non-waiver provision while holding that the city was not estopped to assert as a defense its charter provision requiring written notice.

The recent case of Barrett v. City of Dallas, 490 S.W.2d 605 (Tex.Civ.App.—Dallas 1973, no writ), which is very similar to the instant case, involved a suit against the City of Dallas to recover damages for personal injuries allegedly suffered by the plaintiff while employed by the city. The plaintiff contended that the city had established a custom, practice and policy of paying medical expenses for injured employees, which lulled him into believing that it would not be necessary for him to file his claim at any certain time, and the city was estopped to demand strict compliance with the notice provision. The Dallas Court of Civil Appeals held that the charter provisions were valid and compliance necessary. The Court said:

" . . . payment of medical expenses 'is simply not a representation that notice of a claim for damages is waived.' He knew the city was paying his medical expenses, but this gave him 'no reason to be misled about notice of a claim he might file for damages at common law.' . . . Appellee's custom to pay medical expenses of its employees injured in line of duty, even though administered by duly authorized agents of appellee, is not such conduct of the city as would be any evidence of waiver or any basis for application of the doctrine of estoppel, not because the payment of the medical expenses was not authorized, but because Section 6, of Chapter XXVIII, of the charter sets forth an exclusive means of waiving the notice provision in Section 1, a method entirely different from the acts relied on by appellant.

Dallas is a home rule city, and appellant is charged with knowledge of the provisions of its charter. His position must therefore be assessed as though he had actual knowledge thereof. Knowing that the charter required him to file written notice of his claim within thirty days after his injury, and also knowing that no officer or employee of appellee had authority to waive that requirement, and that it could be waived only by resolution of the City Council passed within the thirty days, appellant is in no position to assert that appellee's custom of paying medical expenses over a period exceeding the thirty day period constituted a representation to him that the city would do what he knew it could not do by that means, i. e., waive compliance with the notice provision of the charter."

▮ Plaintiff cites Galbreath v. City of Indianapolis, 255 N.E.2d 225 (Ind.Sup. 1970) in support of his argument that he substantially complied with the charter provision. He relies upon a medical narrative sent to the Street Department, Division 4, City of Dallas, within 30 days of the date of his injury, by a doctor who treated plaintiff. This medical narrative contained essentially findings by the doctor relative to plaintiff's physical condition and does not satisfy the requirements of the charter provision. Phillips v. City of Abilene, supra.

The Michigan cases of Reich v. State Highway Department, 17 Mich.App. 619, 170 N.W.2d 267 (1969) and Friedman v.

Farmington Township School District, 40 Mich.App. 197, 198 N.W.2d 785 (1972) cited by plaintiff in support of his argument that the 30 day notice provision violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution are distinguishable. Those cases involved the interpretation of a statute waiving governmental immunity. There the courts reasoned that the legislature intended, by enacting the statute, to put governmental tort-feasors on an equal footing with private tort-feasors. Here we are concerned with an employee who was injured while performing a proprietary function for the city. Article 1175, Section 6, Vern.Tex.Civ.Stats., authorizes home rule cities to fix rules and regulations governing the city's liability.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.