Fred M. MAHLER et al., Appellants,

v.

CITY OF SEABROOK et al., Appellees.

No. 1433.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 7, 1976.

Price Daniel, Jr., Daniel, Morrison & Fielder, Liberty, for appellants.

Bruce L. James, Burke Martin, Saccomanno, Clegg, Martin & Kipple, Houston, for appellees.

COULSON, Justice.

This is a suit for injunctive relief to enjoin Fred M. Mahler, and others from violating the City of Seabrook's zoning ordinance. On July 9, 1970 the City of Seabrook passed Ordinance No. 105 now amended as Ordinance No. 105b. This ordinance classifies the land here in question as being within an R–1 Zoning District, Single-Family Detached Residential Zone. On August 22, 1975 Mahler acquired a 38.191 acre tract known as the "Bracewell Tract". The Bracewell Tract is classified under the city's zoning ordinance as within a Single-Family Detached Residential Zone. Mahler

and others have used the land for the excavation of sand, top soil and fill. The trial court granted the City of Seabrook's action and enjoined the defendants from violating the city's zoning ordinance by using the Bracewell Tract as a sand pit. We affirm.

Mahler operated a sand pit business on separate tracts of land prior to the incorporation of the City of Seabrook. However, the Bracewell Tract was not acquired until 1975. The City of Seabrook filed suit seeking to enjoin Mahler and others from expanding their non-conforming use as sand pit operators to the newly acquired Bracewell Tract and one other tract on October 7, 1975. The defendants did not apply for a permit to operate a sand pit on either tract or seek a variance from the zoning ordinance. At the time of acquisition, the Bracewell Tract and the other tract did not contain any existing sand pits. At the time of trial, the other tract had been excavated and the issue as to the use of that tract was moot. Trial went forward only as to the Bracewell Tract.

Mahler and others have brought this appeal on five points of error. The primary issue is whether or not equitable estoppel will lie against the City of Seabrook and its enforcement of its zoning ordinance. In its findings of fact and conclusions of law the trial court stated that prior to the acquisition of the Bracewell Tract, the defendants had actual knowledge and notice that said tract was zoned for Single-Family Detached Residential use under the City's zoning ordinance and that the City has had a policy of not ordering sand or other fill material from sand pits located within the corporate limits of the city. Appellants contend that the city used sand and other fill material in constructing city improvements and that it is now estopped to enforce the zoning ordinance because it accepted benefits from the sand pits (a use of the land contrary to its zoning classification).

A city may be estopped even when it is acting in its public capacity if it has received or accepted benefit from the transaction. *City of San Angelo v. Deutsch,* 126 Tex. 532, 91 S.W.2d 308, 311 (1936). However, *Deutsch* also states that the cases are not to be construed as holding that financial loss to an individual who relies upon the act of an official engaged in the performance of governmental duties is of itself sufficient to estop a city. In any case, the doctrine of equitable estoppel requires that the party relying on the estoppel show a detriment by reason of his reliance on the other party. Here, it is undisputed that Mahler and the others acquired the Bracewell Tract knowing it to be in violation of the City's zoning ordinance. Even if we accept the argument that the City has benefitted by purchasing fill material from the Bracewell Tract, estoppel will not lie against the City because Mahler did not rely to his detriment on the City's actions. Furthermore, an estoppel against a municipality acting in its proprietary capacity will not be allowed to defeat a mandatory provision of a statute. 31 C.J.S. Estoppel § 141 (1964). *See also Phillips v. City of Abilene,* 195 S.W.2d 147, 150 (Tex. Civ.App.—Eastland 1946, writ ref'd). Here the City of Seabrook acted in a proprietary function when it accepted fill from the Bracewell Tract. This act cannot be used to estop the City in enforcing its zoning ordinance, a governmental function. Moreover, it was the City's policy not to utilize fill material from any sand pit within the City's limits and any use of fill from the Bracewell Tract was an unauthorized act by agents of the City. The trial court's findings of fact and conclusions of law are based on evidence that support this reasoning.

By their second point of error appellants contend that the trial court erred in not disposing of this matter by applying the doctrine of res judicata. Appellants argue that prior suits between these parties govern the issues in the present suit. We need not go into the facts of these prior suits other than to say the prior suits involve different tracts of land. Those suits cannot be held under the doctrine of res judicata to have disposed of the issues as to the Bracewell Tract with which we are here concerned.

Appellants contend that the trial court erred in not holding the appellees guilty of laches. Appellants argue that because the City permitted non-conforming use on other tracts laches should be applied against the City as to the Bracewell Tract. We find no merit in this argument. The Bracewell Tract was acquired by Mahler on August 22, 1975. Suit was brought on October 7, 1975 by the City of Seabrook upon learning of the purchase of the Bracewell Tract. These facts do not support a claim of laches.

The appellants' remaining points of error concern the zoning ordinance's application to the Bracewell Tract. It is argued that the zoning ordinance does not control the use of the actual land but only uses being made on the land. This argument is without merit. The ordinance states,

In each district, no building, structure, *land,* premises or improvements shall be used except as permitted by this ordinance. . . .

(emphasis ours) Seabrook, Tex., Ordinance 105b, § 1.04. Clearly the City's zoning ordinance speaks to the use of which the actual land may be made and the only use of which this land may be made according to the zoning ordinance is as a Single-Family Residential Zone.

Finally appellants contend that the zoning ordinance is arbitrary, confiscatory, discriminatory, oppressive and unreasonable as applied to the land in question. This argument stems from the facts that the City has an ordinance which allows residential dwellings to be built only on land which is 16 feet or more above sea level and that the Bracewell Tract is below this level. It may be that if applied literally to the Bracewell Tract, the zoning ordinance would result in an unconscionable effect because the land could not be used for family dwellings although that is the only use for which the land is zoned. However, appellants have not applied to the City for building permits on the Bracewell Tract. They have not applied for a variance from the zoning ordinance or sought administrative review. The question of the ordinances' application to the land shall not be considered until all administrative proceedings have been exhausted.

The judgment of the trial court is affirmed.