Robert J. CLEONTES, d/b/a Airport Apartments, Appellant,

v.

CITY OF LAREDO, Appellee.

No. 04–88–00482–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1989.

Rehearing Denied Oct. 10, 1989.

Emilio Davila, Jr., Laredo, for appellant.

Anthony McGettrick, Jerry Bruce Cain, City Attorneys Office, Laredo, for appellee.

Before REEVES, PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a summary judgment granted in favor of plaintiff-appellee wherein the trial court summarily held that defendant-appellant take nothing on its counterclaim for breach of contract.

The record reflects that the following facts, as summary judgment evidence, are not in dispute. In 1978, appellant leased, for a twenty (20) year term, two apartment buildings located on the Old Laredo Airbase/Airport Complex from the City of Laredo. From February 1980 until November of 1985, Col. Carlos Gonzalez was the duly appointed Director of the Laredo International Airport and as such his duties included the servicing of the tenants' leases at the Airport location. In 1982, Airport Director Gonzalez signed a document purported to be an agreement for partial rent abatement of $400 per month of appellant's rents due the City of Laredo under the 1978 lease as a means of reimbursement to appellant for improvements and modifications made by him to the leased premises. The 1982 agreement was never presented to or ratified by either the Airport Advisory Board or the City Council of the City of Laredo.

In September 1985, appellant began to withhold the abated rent of $400.00 from his monthly rental payments to appellee, and in the month of October, 1987, appellant ceased to pay rent to appellee in any amount but remained in possession of the leased premises.

In 1986, appellee sued appellant seeking, among other things, termination of the 1978 lease and unpaid rents. Appellant answered and counterclaimed by alleging the purported agreement contained in the 1982 document signed by Airport Director Gonzalez. The trial court granted appellee's motion for summary judgment terminating the landlord-tenant relationship, awarded appellee possession of the leased premises, awarded the sum of $19,705.85 as delinquent rent and denied appellant's counterclaim.

Appellant's two points of error attack the summary judgment on the basis that the summary judgment proof was not legally sufficient and that the same raised material issues of fact.

Appellant first argues that appellee did not plead Airport Director Gonzalez' lack of authority and lack of consideration in signing the 1982 purported rent abatement agreement which formed the basis of appellant's counterclaim. *See* TEX.R.CIV.P. 93(7) and (9). We disagree and find appellee did properly plead lack of authority and lack of consideration in its original answer to appellant's counterclaim.

Appellant next complains that there was no summary judgment proof by appellee

that Airport Director Gonzalez is a public official (and thus claiming could not have signed the 1982 agreement with apparent authority). Appellant further alleges that there were material issues of fact as to Gonzalez' status as a public official or an employee of the City of Laredo and whether Gonzalez orally disclaimed his authority at the time he signed the 1982 document.

█A court shall take judicial notice if requested by either party and supplied with the necessary information. TEX.R.CIV. EVID. 201(d). Further, judicial notice may be taken at any stage of the proceeding. TEX.R.CIV.EVID. 201(f). Our record shows that appellee's summary judgment trial brief supplied and requested the trial court to take judicial notice of the City Charter for the City of Laredo which provides in part under Section 2.08(7), that an ordinance must be passed by the City Council in order to "(7) Convey or lease or authorize the conveyance or lease of any lands of the City." The summary judgment affidavit[1] by the City Secretary of the City of Laredo, who certified the absence of any such ordinance, other authorization to Airport Director Gonzales or ratification of same in the public records of the City of Laredo, was uncontradicted. The absence of any record of such ordinance, authorization or ratification, where such a record would reasonably have been placed, is sufficient to rebut or destroy any presumption of such authorization or ratification. *Crowe v. Texas Dept. of Public Safety*, 406 S.W.2d 201, 203 (Texas 1966). Therefore, in view of uncontradicted proof of the absence of any compliance with the City ordinance for the leasing of city land or other authorization or ratification, we hold that the issue of whether Airport Director Gonzalez was a "public official" or was merely an "employee" of the City of Laredo is irrelevant, because he had no authority to lease or convey land, either as a "public official" or as an "employee."

We further hold that appellant's second issue, whether Airport Director Gonzalez "did" or "did not" orally disclaim to appellant his authority at the time he signed the 1982 document, is likewise irrelevant for the same reason.

█ An officer or employee of a city, not expressly authorized, cannot bind or estop the city in matter placed exclusively within the authority of the governing body in the absence of a clear showing that conduct of the subordinate officer was so closely related to the expressed will of the governing body as to constitute his act, to be that of the governing body itself. *Hall v. City of Pampa*, 147 S.W.2d 543 (Tex.Civ.App.— Amarillo 1941, writ ref'd). In *Roberts v. Haltom City*, 543 S.W.2d 75 (Texas 1976) the Texas Supreme Court remarked that,

"The holding in Hallman that a city may not be estopped by the conduct of its officials and agents unless expressly authorized has been consistently followed by other Texas cases, including *City of Houston v. Hruska*, 155 Tex. 139, 283 S.W.2d 739 (1955), and *Phillips v. City of Abilene*, 195 S.W.2d 147 (Tex.Civ.App.— Eastland 1946, writ ref'd)."

█ In his dealings with the City, the appellant was charged with notice of the City's charter provisions which vested all powers in the city council. *City of Beaumont v. Moore*, 146 Tex. 46, 202 S.W.2d

1. Summary judgment affidavit states in part:

... I am the duly elected City Secretary of the City of Laredo, and as such I have the care and custody of all official records of the City of Laredo, including all resolutions and ordinances passed and approved by the City Council of the City of Laredo.

I have diligently searched the official records of the City of Laredo, and this search has failed to disclose any resolution, ordinance, record, report, statement, data compilation or entry by the City Council of the City of Laredo, authorizing or granting to Airport Director Carlos Gonzalez or to any other person any authority to negotiate or to enter into any agreement with Robert J. Cleontes or any person acting in his behalf, or any person doing business as Airport Apartments, for the forgiveness, abatement or payment of the sum of $32,300.00 to Robert J. Cleontes nor ratifying or approving any such agreement, for the abatement, forgiveness or re-payment of the sum of $32,300.00 to Robert J. Cleontes by the City of Laredo nor approving or ratifying the document attached hereto as Exhibit A.

Exhibit "A" is the 1982 document containing the purported Rent Abatement Agreement executed by appellant and Airport Director Gonzalez.

448, 452 (1947); *City of San Antonio v. Guido Bros. Const. Co.*, 460 S.W.2d 155, 164–165 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.).

■ In order to raise a genuine issue of fact to preclude a summary judgment, the evidence must raise facts which constitute a tenable defense. *Maddox v. Oldham Little Church Foundation*, 411 S.W.2d 375 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.).

Accordingly, we conclude from the summary judgment proof in the instant case that no genuine issues of fact arose to preclude summary judgment because the evidence regarding the Airport Director's authority or apparent authority do not raise facts which constitute a legal defense.

Appellant's two points of error are overruled and judgment is affirmed.