Rudolfo HERNANDEZ, Appellant,

v.

HOUSTON LIGHTING & POWER COM-PANY, Turner-Hasenzahl Construc-tion, Inc. and Turner & Associates Con-struction Company, Appellees.

No. C14-89-00882-CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 7, 1990.

Philip A. Pfeifer, Houston, for appellant.

David E. Warden, R. Paul Yetter, Larry Funderburk, W. Earl Touchstone, Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant sued for personal injuries resulting from a construction accident in which his concrete finishing broom came in contact with an overhead power line. Appellant's employer, Turner Construction Company (TCC), was joined as a third-party defendant for indemnification by Houston Lighting and Power Company (HL & P). Trial was before a jury which found no negligence on the part of HL & P or the appellant. The jury found that TCC had violated Tex.Rev.Civ.Stat.Ann. art. 1436c and awarded the appellant $221,000. Based upon the jury's findings, the trial court entered a judgment providing that the appellant take nothing from HL & P and that HL & P take nothing from TCC. We affirm.

Appellant's injuries occurred while he was finishing some freshly poured concrete on a parking lot in a north Houston shopping center. The equipment he was using was a cement finishing broom attached to a metal handle approximately thirty feet long. The power line was eighteen feet high and hung adjacent to the back wall of the shopping center. It had been in existence for several years. The broom became stuck in the concrete forms. When appellant attempted to free it, it came in contact with the 35,000 volt power line. He suffered flash injuries from the short circuit which occurred when the pole hit the line, but he let go of the tool before suffering serious damage.

 In his first point of error, appellant asserts that the trial court erred in allowing his employer, TCC, to participate in the trial below as an adverse party. HL & P's motion for leave to file a third-party petition against TCC pursuant to Tex.R. Civ.P. 38, was granted by the trial court approximately nine months before the original trial date. All parties conducted discovery, submitted joint pre-trial motions and orders and participated in the voir dire of the jury panel. Appellant's complaint against the inclusion of TCC came after the

trial had begun. It was in the form of a "Motion for Special Exceptions". This motion did not point out with particularity that appellant was objecting to TCC's participation in the trial. Special exceptions are used to point out defects in pleadings, not complain of parties to a suit. See Tex. R.Civ.P. 90. The proper motion for appellant to have made was a Motion to Sever if he felt that an improper party was included. Tex.R.Civ.P. 41. TCC was properly allowed to participate in the trial below because it was a party whose interest could be adversely affected by the judgment. TCC was sued by HL & P for indemnity pursuant to an indemnity statute (Tex.Rev. Civ.Stat.Ann. art. 1436c). This statute provides that a utility company may, under certain circumstances, be indemnified for damages by the person responsible for conducting work near a power line. Under HL & P's pleadings, TCC could be required to pay a judgment against HL & P. TCC was thus a proper party. See Turner v. Monsanto Co., 717 S.W.2d 378, 381 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Further, in order to preserve error for appellate review, at trial a party must present a timely request, objection, or motion, stating the specific grounds on which he is complaining. Otherwise, it is waived. Tex. R.App.P. 52.; City of Coppell v. General Homes Corp., 763 S.W.2d 448 (Tex.App.—Dallas 1988, writ denied). Appellant's first point of error is overruled.

 In his second point of error, the appellant claims that the trial court erred in taking judicial notice of the National Electric Safety Code. An electrical power line must be maintained in accordance with its provisions. Tex.Rev.Civ.Stat.Ann. art. 1436a. Because the appellant was alleging that the power line in question was not maintained at a proper height, compliance with the Code was relevant. Tex.R.Civ. Evid. 201 provides that judicial noticing of adjudicative facts is mandatory if a party requests that the court do so and supplies the necessary information. Cleontes v. City of Laredo, 777 S.W.2d 187 (Tex.App. —San Antonio 1989, writ denied). Facts

which can be judicially noticed must be ones not subject to reasonable dispute. They must be either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Drake v. Holstead*, 757 S.W.2d 909 (Tex. App.—Beaumont 1988, no writ). The Code specifies the proper height at which electrical lines are to be maintained and is a source which is both accurate and not reasonably questioned. HL & P provided the trial court with the necessary information about the Code, and the appellant was allowed to rebut the information given. The trial court did not err in noticing the Code. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.