**SETTLERS VILLAGE COMMUNITY IMPROVEMENT ASSOCIATION, INC., Appellant,**

v.

**SETTLERS VILLAGE 5.6, LTD., Settlers 7, Ltd., Village 3.6, Ltd., and F.I. Settlers Village/C.M., Ltd., Appellees.**

No. A14–91–00493–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 19, 1992.

Joel W. Mohrman, Adam Silverman, Houston, for appellant.

Steven E. Halpin, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment in favor of appellees, Settlers Village 5.6, Ltd., Settlers 7, Ltd., Village 3.6, Ltd., and F.I. Settlers Village/C.M., Ltd. Appellees brought suit to recover maintenance fees that they were overcharged by appellant, Settlers Village Community Improvement Association, Inc. and requested that the trial court remove liens filed against their property for the nonpayment of those maintenance fees. Appellant counterclaimed for the amount of the unpaid fees that had been assessed against appellees and for a reformation of the covenant. All parties asked the trial court for a declaration on the proper method of assessing the maintenance fees. The trial court granted appellees' motion for partial summary judgment. After a trial to the court on attorney's fees, the court entered final judgment and ruled that appellant take nothing on its counterclaims. The trial court denied appellant's motion to reconsider its order granting appellees' motion for summary judgment. In two points of error, appellant complains that the trial court erred in granting appellees' summary judgment and in calculating the amount of alleged overcharges assessed. We reverse and remand.

Appellant is a non-profit corporation that has the duty of assessing maintenance fees against the property owners in the Settlers Village, Section One subdivision in Harris County, Texas. During the assessment periods complained of, appellees owned tracts of land in commercial Reserve A of the subdivision. Maintenance fees are assessed pursuant to the Declaration of Cove-nants, Conditions and Restrictions (Declaration) which applies to this subdivision. The real property which is subject to the Declaration consists of both the residential lots and the commercial reserves. The provision which provides for the initial assessment of maintenance fees states:

Until January 1, 1978, the maximum annual assessment shall be One Hundred Twenty and No/100 Dollars ($120.00) per Lot, per annum and $0.015 mills per square foot (and a proportionate amount for each portion of a square foot) per annum for each portion of Reserves A and B.

Appellant interpreted this to mean that appellees should pay a maintenance fee based on one and one-half cents per square foot or fifteen mills per square foot. Therefore, through the year 1984, appellant assessed fees by multiplying one and one-half cents times the number of square feet owned by each appellee. Then for the years 1985 through 1990, appellant increased the maintenance fee rate to $0.0164 mills in accordance with the provisions of the Declaration. For this time period, appellant interpreted the term to mean sixteen and four tenths mills and assessed fees accordingly. Appellees brought suit alleging that the proper initial basis for the fees is $0.0015 per square foot, or fifteen hundredths of a cent per square foot, or one and one-half cents times a mill per square foot, and the proper basis for the increased fees is computed in the same manner, i.e., $0.00164.

Appellant, in point of error one, alleges the trial court erred in granting summary judgment in favor of appellees. Claiming that $0.015 mills is an ambiguous term, appellant argues that appellees did not prove as a matter of law that $0.015 mills equals fifteen hundredths of a cent. Further, appellant alleges that since $0.015 is an ambiguous term, parol evidence was admissible to determine the intent of the parties, and the trial court's interpretation of the term is contrary to that intent.

In order for summary judgment to be proper, appellees must be entitled to judgment as a matter of law, and there must be no genuine issues of material fact.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). On review, we must consider the evidence in the light most favorable to appellant, the non-movant, and resolve all doubts and inferences in favor of appellant. *Id.* at 548–49. *See also Turboff v. Gertner, Aron & Ledet Invs.,* 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

■ Whether the Declaration is ambiguous is a question of law for the trial court to determine. *Chambers v. Huggins,* 709 S.W.2d 219, 221 (Tex.App.—Houston [14th Dist.] 1986, no writ). Clearly, if there is no ambiguity, the construction of the Declaration is also a question of law to be determined by the trial court. *Id.* *See City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex.1968); *Candlelight Hills Civic Assoc. v. Goodwin,* 763 S.W.2d 474, 477 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

■ A review of the evidence reveals that the word mill is defined as "one tenth of a cent; $0.001: a monetary unit used in calculating but not as a coin...." WEBSTER'S NEW WORLD DICTIONARY OF THE AMERICAN LANGUAGE 902 (2d ed. 1982). *See* THE OXFORD ENGLISH DICTIONARY 777 (2d ed. 1989) (one-thousandth of a dollar, one-tenth of a cent, or a thousandth part of anything); BLACK'S LAW DICTIONARY 1145 (4th ed. 1968) (American money of account, of the value of the tenth part of a cent). Appellees asked the trial court to take judicial notice of the definition of the word mill as shown in WEBSTER'S NEW WORLD DICTIONARY and BLACK'S LAW DICTIONARY. The trial court has the discretion to take judicial notice of a fact which is capable of accurate and ready determination by resorting to sources whose accuracy cannot be reasonably questioned. *Hernandez v. Houston Lighting & Power Co.,* 795 S.W.2d 775, 776–77 (Tex.App.—Houston [14th Dist.] 1990, no writ); TEX.R.CIV.EVID. 201(b)(2). *See Allied Gen. Agency, Inc. v. Moody,* 788 S.W.2d 601 (Tex.App.—Dallas 1990, writ denied). Additionally, the term $0.015 is commonly understood to mean one and one-half cents. The trial court may also take judicial notice of facts which are not subject to reasonable dispute and are generally known within the territorial jurisdiction of the court. *Hernandez,* 795 S.W.2d at 776–77; TEX.R.CIV.EVID. 201(b)(1). Although we do not argue with the definition and meaning of these terms separately, it is their combination that creates an ambiguity.

■ The trial court took one and one-half cents (1.5 cents) and multiplied it by .001 (i.e., a mill) to get the result $0.0015 or fifteen hundredths of a cent as the proper rate of assessment. However, the use of a calculator reveals that the court could just as easily have multiplied .015 times .001 and arrived at $.000015 as the proper rate of assessment. We agree that the term mills is used to calculate, and is commonly multiplied by the term preceding it (i.e. 5 mills equals 5 times .001, or .005) to arrive at a millage rate. The ambiguity here occurs in the use of two fractional monetary equivalents in one term.

The difficulty with this term is best illustrated by the trial court's own representation of the proper interpretation. In its judgment, the trial court describes the proper rate of assessment as $0.0015 cents. The term $0.0015 cents, however, does not mean fifteen hundredths of a cent. By using the trial court's own method of interpretation $0.0015 cents should equal fifteen hundredths of a cent times .01. The only Texas caselaw addressing this subject is a 1928 Court of Appeals case out of Eastland. In *Curry v. Texas Co.,* the majority of that court attempted to interpret a term in an oil and gas lease written as "1/2 of 1/8 of .08 cents per thousand cubic feet." *Curry v. Texas Co.,* 8 S.W.2d 206, 207 (Tex.Civ.App.—Eastland 1928, writ dism'd). The court found that this term was ambiguous on its face, and stated:

> The use of the word "cents" indicates that more than a fraction of a cent and more than one cent was meant. The change from the common form of fractions to the decimal form suggests the probability that the scrivener started to write the equivalent of eight cents in decimal fractions of a dollar, and added the word "cents" by way of repetition.

It is common knowledge that in the United States it is customary, in expressing a number of cents in figures, to indicate that sum by a decimal fraction of the unit of value, the dollar. Decimal fractions are seldom used in this country except to indicate fractions of a dollar, and then they are usually read as so many cents or so many mills, etc., rather than so many tenths, hundredths, thousandths, etc., of a dollar. For instance eight cents would likely be written $.08, and would be read as "eight cents" rather than as "eight one-hundredths of a dollar," which latter would be strictly correct. The usual and customary way to write, in decimals, the monetary term equivalent to "eight one-hundredths of one cent" is to indicate the amount in decimal fractions of the dollar thus $.0008, which would be eight ten-thousandths of one dollar; or, if not written in decimals, then the usual way would be 8/100 of one cent. The cent is not a unit of value, and it is unusual to indicate fractions thereof in decimals.

*Id.* at 211. We agree with the *Curry* court that a term such as the one in question is susceptible to more than one interpretation. *See id.*

■ The ambiguity of the term being apparent, parol evidence is admissible to show the intention of the parties. *See id,; R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 519 (Tex.1980). As a general rule, a summary judgment based on the interpretation of an ambiguous document without the consideration of the intent of the parties is not proper. *R & P Enterprises,* 596 S.W.2d at 519. In the instant case, the trial court improperly refused to consider parol evidence as to the intent of the parties to the Declaration since the term $0.015 mills is ambiguous, and summary judgment was improper. We sustain appellant's first point of error.

Although our disposition of appellant's first point of error makes it unnecessary for us to consider its second point of error, we do agree that simple multiplication reveals that the amounts of the proper assessments shown in the judgment are not based on $0.0015 per square foot. As a matter of fact, simple multiplication reveals that the original assessments calculated by appellant were not based on one and one-half cents per square foot, and emphasizes the trouble all parties have had in interpreting this term.

The summary judgment of the trial court is reversed and remanded.