## EWING WILLIAMS V. HONORABLE E. L. PITTS, CHIEF JUSTICE ET AL.

No. A-3624. Decided July 23, 1952.
Rehearing overruled October 1, 1952.
(251 S. W., 2d Series, 148.)

*Strasburger, Price, Kelton, Miller & Martin* and *Royal H. Brin, Jr.,* of Dallas, for relator.

*Crow & Crow, Hoover, Hoover & Cussen* and *J. D. Crow,* of Canadian, for respondents.

CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

By this original mandamus proceeding relator seeks to compel the Honorable Court of Civil Appeals, Seventh Supreme Judicial District, at Amarillo, to certify two questions of law arising in an appeal from an order overruling a plea of privilege. The plea was overruled by the District Court of Hemphill County. That court has two terms of court annually, each expiring on the day the succeeding term opens. On January 16, 1952, relator filed a verified motion in the Court of Civil Appeals for an extension of time within which to file the record. Under Rule 385, T.R.C.P., on appeal from interlocutory orders the record must be filed in the appellate court within twenty days after rendition of the order appealed from, but it is provided "that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof." The motion did not disclose the date upon which the judgment was rendered in the trial court. Thereafter, on January 23, relator tendered a transcript for filing which contained the order appealed from. That order disclosed that the plea came on for hearing on December 17, 1951, and that was the only date named in the order. On January 31 relator filed an affidavit stating that the order overruling his plea of privilege was in fact rendered in the trial court on December 27, 1951; and that he learned of that fact on January 2, 1952, and the following day ordered the transcript prepared. On February 2, 1952, relator tendered to the Court of Civil Appeals a supplemental transcript containing a corrected judgment filed in the trial court on January 31, 1952, showing that the order appealed from was in fact rendered and signed on December 27, 1951.

The Court of Civil Appeals overruled relator's motion and did not permit the filing of the supplemental transcript. The grounds of its opinion were:

1. That the period within which relator properly could file a motion for extension of time must be measured from December 17. Therefore the motion filed on January 16 was made

more than twenty-five days after December 17, and the Court of Civil Appeals was without jurisdiction to grant the motion and entertain the appeal.

2. The trial court was without jurisdiction to sign and enter the corrected judgment on January 31, since more than thirty days had expired after the term of court as to this proceeding had ended.

3. The trial court was without jurisdiction to sign the corrected judgment after an appeal had been perfected to the Court of Civil Appeals.

4. Relator did not show good cause or diligence.

The two questions which we are called upon to require the Court of Civil Appeals to certify to us are as follows:

"1. Did the Court of Civil Appeals err in holding that the trial court had no jurisdiction to file a corrected judgment to show that the original judgment was actually signed and entered on December 27, 1951, instead of December 17, 1951?"

"2. Did the Court of Civil Appeals err in holding that it had no jurisdiction to grant appellant's motion for an extension of time, said motion having been filed on January 16, 1952, more than 5 days after 20 days from December 17, 1951, but less than 20 days after December 27, 1951?"

1 It is an ancient and well-established rule that a trial court has the power to correct clerical errors in its judgment at any time, either during or after the term at which the judgment was rendered. Coleman v. Zapp, 105 Texas 491, 151 S. W. 1040; Nevitt v. Wilson, 116 Texas 29, 285 S. W. 1079; Hays v. Hughes, 106 S. W. 2d 724, error refused; McDonald's Texas Civil Practice, Vol. 4, § 17.08-D. It is immaterial that an appeal has been perfected and the case is pending in the appellate court for decision. Panhandle Construction Co. v. Lindsey, 123 Texas 613, 72 S. W. 2d 1068. This power of the trial court is not by reason of its continued jurisdiction over the subject matter, but by virtue of its continuing power over its records. Leon and H. Blum v. Neilson, 59 Texas 378; Hickey v. Behrens, 75 Texas 488, 12 S. W. 679.

2, 3 As noted above, the District Court of Hemphill County is a successive-term court. Vernon's Ann. Civ. Stats., Art. 199.

Under Rule 330 judgments in such courts become final thirty days after their rendition just as if the term had expired. That rule is construed to mean that in such courts the term ends as to a particular case thirty days after judgment is rendered. Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S. W. 2d 1031; Insuror's Indemnity & Ins. Co. v. Associated Indemnity Corp., 139 Texas 286, 162 S. W. 2d 666. As applied to an interlocutory order overruling a plea of privilege it is held that same becomes final, so far as venue is concerned, thirty days after the rendition of the judgment sustaining or overruling such plea. Wichita Falls & S. R. Co. v. McDonald, Chief Justice, et al., 141 Texas 555, 174 S. W. 2d 951.

**4, 5** It therefore appears that the correction of the order in this case made on January 31, 1952, was made after the expiration of the term in so far as venue was concerned, and was therefore a *nunc pro tunc* entry. There is no showing in the record that respondent Murel Trout, who was plaintiff in the trial court, had any notice of any application by relator for judgment *nunc pro tunc* as required by Rule 316, TRCP, as amended in 1943. The rule merely declared the law as it had been established since the early history of our State. McNairy v. Castleberry, 6 Texas 286; Wheeler v. Goffe, 24 Texas 660; Stevenson v. Fisk, 65 S. W. 2d 507; Luck v. Riggs Optical Co., 149 S. W. 2d 204. A strong inference from the record is that no notice was given Trout that relator was seeking to have a corrected judgment entered in the case. It seems that relator prepared the *nunc pro tunc* judgment and mailed it to the judge at Shamrock for his signature, and that the judge signed same there and mailed it to the Clerk of the Hemphill County District Court at Canadian to be recorded in the minutes of the court. We cannot hold, therefore, that the Court of Civil Appeals should have permitted the supplemental transcript to be filed. From this it follows that the only record showing of the date of the judgment was December 17, 1951, and on that basis the motion to file this record out of time admittedly came too late. The burden is upon relator to show that he has complied with all requirements of law entitling him to have this corrected judgment included in his supplemental transcript. Relator has not discharged this burden, in that the supplemental transcript tendered does not show notice to respondent Trout before entry of *nunc pro tunc* judgment, and therefore relator has not shown that he has a clear legal right to have this writ of mandamus issued. It is elementary law that mandamus will not issue to compel a public official to perform an official act unless it is made to appear to

the court that the relator's right to have the act performed is clear. To compel the certification of the questions requested by relator would serve no useful purpose and his application for mandamus is denied.

Opinion delivered July 23, 1952.

Rehearing overruled October 1, 1952.