**The CITY of HOUSTON et al.,
Appellants,**

**v.**

**Evelyn DESHOTEL et al., Appellees.**

**No. 17421.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 12, 1979.

Robert M. Collie, Jr., City Atty., Dale M. Tingleaf, Asst. City Atty., Houston, for appellants.

Doug Cherry, Beaumont, for appellees.

PEDEN, Justice.

The City of Houston (Houston) and R. W. Robinson appeal from a judgment based on jury findings in a suit for personal injuries filed by Evelyn Deshotel, Jewel Schwabe, and Lorene Graham. The appellants contend that the plaintiffs failed to comply with the mandatory notice provision of Houston's city charter, that the trial court's amended judgment is void and that there is no evidence to support the court's awarding a recovery against defendant Robinson in the amended judgment. By cross-points, plaintiffs assert that the defendants' failure to raise the issue of notice in the trial court and Houston's admission of liability and its agreement to submit only the question of damages constitute waiver, estoppel or abandonment of its objection to plaintiffs' notice. The plaintiffs-appellees also contend that the amended judgment is valid because R. W. Robinson is not subject to Houston's notice requirements and that if the amended judgment is not valid, the original judgment is not a final one and therefore not subject to review.

In November of 1975, the plaintiffs were injured when their car was struck by a Houston sanitation truck. Their attorney

timely sent notice to Houston apprising it of the accident and estimating the amount of damages involved, but the notice was not verified. The claim was considered and denied by the Houston City Council.

The following stipulations were filed in the trial court:

Come now plaintiffs, . . . by their attorney of record, . . ., and comes defendant, CITY OF HOUSTON, by and through its Assistant City Attorney, . . . and jointly make and file this, their Stipulations . . .:

### I.

The driver of the City of Houston's vehicle on the occasion in question was a City of Houston employee acting within the course and scope of his employment for the City of Houston.

### II.

Said City of Houston employee was one hundred percent (100%) negligent and plaintiffs were not negligent on the occasion in question.

### III.

Said City of Houston employee's negligence was the sole proximate cause of the accident giving rise to this lawsuit.

### IV.

No evidence concerning the facts of the accident need be or will be offered by the parties or received by the Court except that "plaintiffs' vehicle was struck from behind by a City vehicle on November 18, 1975" and also excepting that evidence may be offered to show the force of the collision as it relates to the damages sustained, if any.

### V.

The only questions of fact for the jury to consider relate to the damage issues.

### VI.

The parties stipulate and agree that the Court may instruct the jury that the factual issues for them will be the extent and duration of the personal injury, if any, suffered by the occupants of the plaintiff's vehicle; that the facts of the accident have been stipulated between the parties and the jury will not be called upon to decide any dispute as to how the accident happened except that the impact may relate to the personal injuries that may have been suffered.

### VII.

The parties stipulate that the City of Houston was engaged in a proprietary function on the occasion made the basis of this lawsuit.

Wherefore . . . plaintiffs and defendant pray the Court approve their Stipulations . . . (emphasis added).

The stipulations were signed by the "Attorneys for Defendants" and the attorney for the plaintiffs. It is noted that defendant Robinson did not join in the stipulations.

At the trial on the merits, evidence was offered only on the issue of damages. The jury awarded Deshotel $22,010, Schwabe $5000, and Graham $5006. Judgment was entered on December 19, 1978 against Houston only, and an "amended judgment" was entered thirty-five days later.

■ Appellants assert in their first point of error that the trial court erred in rendering judgment for the plaintiffs because they failed to comply with the mandatory notice provision of Article IX, Section 11, of Houston's charter in that their notice of injuries was not verified. We sustain this point.

Article IX, Section 11, of Houston's charter provides in part:

Before the City of Houston shall be liable for damages for personal injuries of

any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or someone in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction *duly verified*, within 90 days after the same has been sustained . . . (emphasis added)

█ It is well settled in Texas that a charter provision requiring written notice within a time certain is mandatory and such filing is a condition precedent before a suit can be maintained against the city for injury. *City of Houston v. Twin City Fire Insurance Co*, 578 S.W.2d 806 (Tex.Civ.App. 1979, writ ref. n. r. e.); *City of Houston v. Hruska*, 155 Tex. 139, 283 S.W.2d 739 (1955); *Dias v. City of San Antonio*, 488 S.W.2d 522 (Tex.Civ.App. 1972, writ ref. n. r. e.).

Citing *Carrales v. City of Kingsville*, 393 S.W.2d 952, (Tex.Civ.App. 1965, no writ), Justice Quentin Keith noted in *Bowling v. City of Port Arthur*, 522 S.W.2d 270 (Tex. Civ.App. 1975, no writ), under similar facts:

Where verification is required by the City Ordinance, as here, the notice must be verified to be effective, and such requirement is held to be a matter of substance and not of mere form.

█ The exceptions to this rule most often encountered are waiver, estoppel, and actual notice, none of which was raised in our case. The actual notice exception may arise by virtue of Section 16 of the Texas Tort Claims Act, Article 6252–19, V.T.C.S. It expressly ratifies and approves "charter and ordinance provisions of cities requiring notice within a charter period permitted by law" . . . "except where there is such actual notice," so actual notice to the city will suffice in suits brought under the Act. Section 18(a) of Art. 6252–19 provides that the Act "shall not apply to any proprietary function of a municipality." We have noted that the parties stipulated that "the City of Houston was engaged in a proprietary

function on the occasion made the basis of this lawsuit." This stipulation amounts to a conclusion of law to be drawn from facts of the case. Parties cannot validly stipulate as to the legal conclusion to be drawn from the facts of the case. *Broward v. Sledge* (1909) 58 Fla. 414, 50 So. 831, cited at 92 A.L.R. 670. "Virtually all jurisdictions recognize that stipulations as to the law are invalid and ineffective. The same rule applies to legal conclusions arising from stipulated facts." 73 Am.Jur.2d 539, Stipulations § 35. Stipulations as to matters of law are without effect and bind neither the parties nor the court. *American Bankers Insurance Co. v. Black*, 466 S.W.2d 616 (Tex.Civ.App. 1971) rev'd on other grds. 478 S.W.2d 434 (Tex. 1972); 53 Tex.Jur.2d 315. The disposal of garbage by a municipality is a governmental function, *Bean v. City of Monahans*, 403 S.W.2d 155 (Tex.Civ.App. 1966, writ ref. n. r. e.); 40 Tex.Jur.2d Rev. Part 1 p. 432 § 671, so suits based on accidents resulting from negligence attributable to the municipality in the performance of that function must be brought under the Tort Claims Act. After stipulating that Houston was engaged in a proprietary function, the plaintiffs have not asked that the stipulation be modified or withdrawn and did not offer evidence from which it could be determined that the accident resulted from the performance of a governmental function. It has not been shown that the plaintiffs have a cause of action under the Tort Claims Act and are thus entitled to avail themselves of the actual notice exception afforded by the Act.

█ Houston maintains in its second point of error that the trial court was without jurisdiction to amend its original judgment because more than thirty days elapsed before the amended one was signed. The first judgment stated:

The above entitled and numbered cause came on regularly for trial on November 13, 1978. The Plaintiffs EVELYN DESHOTEL, JEWEL SCHWABE, AND, LORENE GRAHAM and the Defendant

(sic) the CITY OF HOUSTON, AND R. W. ROBINSON, appeared in person and by and through their attorneys. Stipulations were filed as agreed to and the facts as to liability were found as and against the Defendant the CITY OF HOUSTON by the Court  .   .   .

No further mention was made of the second defendant, R. W. Robinson, and judgment was awarded against Houston only. An amended judgment, signed thirty-five days later, was identical to the first except that Robinson's name was added to the sentence "[s]tipulations were filed as agreed to and the facts as to liability were found as and against the Defendants the CITY OF HOUSTON and R. W. ROBINSON by the Court  .   .   .," and a recovery was awarded against both Houston and Robinson.

Rule 316, T.R.C.P., states:

Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case after notice of the application therefor has been given to the parties interested in such judgment or decree, and thereafter the execution shall conform to the judgment as amended.

The opposite party shall have reasonable notice of an application to enter a judgment nunc pro tunc.

Rule 317, T.R.C.P., provides:

Where in the record of any judgment or decree of a court, there shall be any omission or mistake, miscalculation or misrecital of a sum or sums of money, or of any name or names, if there is among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be corrected by the court .   .   .. The opposite party shall have reasonable notice of the application for such amendment.

■ A judgment nunc pro tunc to correct a clerical error may be rendered after the original judgment has become final. Rea-

sonable notice of the motion to amend must be given to the interested parties. *Williams v. Pitts*, 151 Tex. 408, 251 S.W.2d 148 (1952).

"If the motion is based on the ground that a clerical error was made in the entry of the judgment, the party seeking to correct the entry has the burden to show that it does not speak the truth. In the absence of proof that the trial judge orally rendered judgment to the contrary, the written and entered judgment should be taken to be the rendered judgment. It should not be assumed that the rendered and entered judgment are separate and apart, for customarily they are one and the same." Reavley and Orr, *Trial Court's Power to Amend Its Judgments*, 25 Baylor Law Review 191, 199 (1973).

In our case the record is silent as to whether reasonable notice of the motion was given the interested parties and as to whether the trial judge had ever orally rendered judgment against Robinson.

■ We disagree with the appellees' position, asserted in their third cross-point, that the first judgment was not a final one. The general rule is: "When a judgment not intrinsically interlocutory in character is rendered and entered in a case regularly set for conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex. 1966). We sustain the appellants' second point.

In their last point, appellants contend that the trial court erred in naming Robinson in its amended judgment because there is no evidence that Robinson was in any way negligent toward plaintiffs or that he breached any duty owed to them. Having held that the claims against Robinson were dismissed by implication in the first judg-

ment, we need not address this point or the appellees' first cross-point of error stating that Robinson cannot invoke the protection afforded Houston by the notice requirements of its charter.

Plaintiffs' cross-point 2 maintains that Houston's failure to raise the question of notice at trial, its admission of liability and its submission of only damage issues constitute waiver, estoppel or abandonment of its objection to notice. Houston specifically pointed out in its first amended answer that "this defendant has never received a verified notice of claim from any plaintiff herein or from anyone on their behalf." Further, the plaintiffs' notices, lacking verification, were offered for consideration by the judge in the trial court. We find no merit in this cross-point.

The stipulation entered by Houston (but not by Robinson) indicates that the rather serious injuries suffered by one or more of the plaintiffs were solely caused by the negligence of Houston's employee in the course and scope of his employment.

We consider that as to the City of Houston the evidence in this case was not fully developed and that it should be remanded in the interest of justice for another trial. Rule 434, T.R.C.P.

As to the defendant R. W. Robinson, we affirm the original judgment of the trial court that provided, by implication, that the plaintiffs take nothing. As to the City of Houston, we reverse the judgment and remand this cause for another trial.

COLEMAN, C. J., and DOYLE, J., also participating.