CONMARK EQUIPMENT, INC.,
Appellant,

v.

Charles HARRIS, Appellee.

No. 1299.

Court of Civil Appeals of Texas,
Tyler.

Jan. 24, 1980.

Dean W. Turner, Bath & Turner, Henderson, for appellant.

Craig M. Daugherty, Wellborn, Houston, Bailey & Perry, Blake Bailey, Henderson, for appellee.

McKAY, Justice.

In the trial court Charles Harris was plaintiff, and John Deere Company and Conmark Equipment, Inc., were defendants. John Deere Company filed a plea of privilege, and after hearing, the trial court sustained the plea and signed an order dated March 12, 1979, (filed the same day) trans-

ferring the case to a district court in Dallas County.

The order read in part as follows:

"It is ORDERED, ADJUDGED AND DECREED that this cause is transferred to the 95th Judicial District Court of Dallas County, Texas, with costs incurred prior to the time same is filed in such court taxed against the plaintiff."

On April 30, 1979, the trial court signed an instrument reading as follows:

### "JUDGMENT NUNC PRO TUNC

"On the 30th day of April, 1979, came on to be heard John Deere Company's Plea of Privilege. The Court rendered an Order on the 12th day of March, 1979, sustaining Defendant John Deere Company's Plea of Privilege in moving the cause of action against John Deere Company to Dallas County, Texas. The Court's Judgment did not specifically direct itself to the remaining Defendant, Conmark Equipment, Inc.

"It is hereby ORDERED, therefore, that the cause of action and papers relating to such cause of action against Conmark Equipment, Inc., remain in Shelby County, Texas, and that the issues alleged against Conmark Equipment, Inc., by Plaintiff, Charles Harris, be tried to final conclusion in Shelby County, Texas."

Appellant has appealed from the judgment nunc pro tunc of April 30, 1979, bringing two points: the judgment nunc pro tunc was null and void (1) because it was rendered without notice as required by Rule 316,[1] and (2) because it attempted to substantially modify an order sustaining a plea of privilege after it had become final and the trial court no longer had jurisdiction.

Although there is no statement of facts nor findings by the trial court appellant's contention that there was no notice given as required by Rule 316 is agreed to by appellee. Appellant says that the judgment nunc pro tunc is void because there was no notice of any application for such judgment.

Appellee agrees and concedes that proper notice was not accorded all parties and that appellant's first point has merit. Additionally, however, appellee asserts that the judgment nunc pro tunc is not void because the court was correcting a clerical rather than a substantive error which action the court had authority to take in term time or after the term or the time had expired.

Rule 316 reads:

Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case *after notice* of the application therefor has been given to the parties interested in such judgment or decree, and thereafter the execution shall conform to the judgment as amended.

The opposite party *shall have reasonable notice* of an application to enter a judgment nunc pro tunc. (Emphasis added)

Rule 317 provides:

Where in the record of any judgment or decree of a court, there shall be any omission or mistake, miscalculation or misrecital of a sum or sums of money, or of any name or names, if there is among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be corrected by the court * * The opposite party shall have reasonable notice of the application for such amendment.

The nunc pro tunc judgment of April 30, 1979, was rendered and entered more than thirty days after the original order of March 12, 1979, without notice to appellant, and the attempt to make a correction of the original venue order by such subsequent nunc pro tunc judgment is ineffective and the second judgment is a nullity. *Williams v. Pitts*, 151 Tex. 408, 251 S.W.2d 148, 150 (1952); *City of Houston v. Deshotel*, 585 S.W.2d 846, 850 (Tex.Civ.App.—Houston 1979, no writ); *Cargill, Inc. v. Van Deweghe*, 384 S.W.2d 216, 217 (Tex.Civ.App.—Texarkana 1964, no writ).

---

1. References to rules are to Texas Rules of Civil Procedure.

■ Not only was there no notice of a motion or application for a corrected judgment but, in addition, the trial court had lost jurisdiction to correct the judgment after thirty days. Under the provisions of Rule 329b the court was without jurisdiction to set aside the order of March 12, 1979, and the only action it had power to take was to correct clerical errors. *Universal Underwriters Insurance Co. v. Ferguson*, 471 S.W.2d 28 (Tex.1971).

■ Appellee argues that the error in the March 12, 1979, order was a clerical error, and that a clerical error may be corrected by the trial court even though the term has ended or the judgment has otherwise become final. It is a well established rule that a trial court has the power to correct clerical errors in its judgment at any time, either during or after the term at which the judgment was rendered. *Williams v. Pitts*, supra; *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (1912). There is, however, nothing in the record on appeal which indicates that the trial judge rendered or pronounced a judgment or order which was in anywise different from the written memorial signed and entered on March 12, 1979. The second judgment of April 30, 1979, says only that "The court's judgment did not specifically direct itself to the remaining defendant, Conmark Equipment, Inc." It does not state that there were mistakes or omissions which caused the order as rendered and entered not to reflect the order that was rendered by the court. There is no showing that there was clerical error. *Home Insurance Co. v. Greene*, 443 S.W.2d 326, 329 (Tex.Civ.App.—Texarkana 1969, affirmed 453 S.W.2d 470).

■ It has been held to be judicial error and thus not correctable where the trial judge determines that something should be added to the judgment that was rendered. *Smith v. State*, 450 S.W.2d 393, 395, 396 (Tex.Civ.App.—Austin 1970, no writ); *Miller v. Texas Life Ins. Co.*, 123 S.W.2d 756, 759 (Tex.Civ.App.—Dallas 1939, writ ref'd). See Trial Court's Power to Amend Its Judgments, Reavley and Orr, 25 Baylor Law Review 191, 202; *Dikeman v. Snell*, 490 S.W.2d 183, 185–6 (Tex.1973); *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968).

We conclude that the nunc pro tunc judgment of April 30, 1979, was null and void. See 33 Tex.Jur.2d Judgments Sec. 137; 4 McDonald, Texas Civil Practice, 1803.

The appeal is dismissed for want of jurisdiction.