STAR HILL CO., INC., Appellant,

v.

BDP COMPANY, Appellee.

No. 09 85 114 CV.

Court of Appeals of Texas, Beaumont.

Sept. 26, 1985.

Jon B. Burmeister, Beaumont, for appellant.

Pierre Landry, Joe Farris, Jr., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

This is an action in garnishment. On October 25, 1984, BDP Company, garnishor, filed an application for writ of garnishment after judgment, alleging that it possessed a final judgment against one TI. PI. Company rendered on October 20, 1983. BDP Company further alleged that "Star Hill, Inc.", as garnishee, was in possession of property belonging to or was indebted to the judgment debtor, TI. PI. Company. The writ was issued and served on C.T. Corporation System as the purported agent of "Star Hill, Inc." "Star Hill, Inc.", filed no answer and BDP Company took a default judgment against "Star Hill, Inc.", by date December 10, 1984. In February, 1985, BDP learned there was no such company as "Star Hill, Inc.", and, thereafter, filed a motion for judgment nunc pro tunc praying the court to correct the judgment garnishee's name from Star Hill, Inc. to Star Hill Co., Inc. On March 11, 1985, the trial court granted the motion and entered a nunc pro tunc judgment against Star Hill Co., Inc., which company has perfected appeal to this court.

Appellant's first point of error complains of its inability to obtain a statement of facts. The record shows that the reason for this failure is that no court reporter was present.

■ Appellant cites a number of decisions that deal with a party's inability to obtain a statement of facts. In *Victory v. Hamilton*, 127 Tex. 203, 91 S.W.2d 697 (1936), our Supreme Court said that an appealing party was entitled to a statement of facts, and the absence of same without fault or negligence of the appealing party was grounds for reversal. Admittedly, the facts in *Victory* were different from our case. *Victory* was a jury trial where the court reporter died before a statement of facts could be obtained. *Robinson v. Rob-*

*inson*, 487 S.W.2d 713 (Tex.1972), was a child custody case. In *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976), the issue was divorce and child custody. Petitioner filed an answer but failed to appear at trial. There was no court reporter at the trial and the Supreme Court reversed the judgment. In *Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979), the Supreme Court held that a nonanswering defendant "admitted" the facts properly pled. And, where the damages are liquidated and no answer filed, there is no reversible error for lack of a statement of facts. *See O'Brien v. Cole*, 532 S.W.2d 151 (Tex.Civ.App.—Dallas 1976, no writ); *Nettles v. Del Lingco of Houston*, 638 S.W.2d 633 (Tex.App.—El Paso 1982, no writ).

■ But, the distinguishing fact in the case we review is that an improper defendant was served with citation. So far as our research reveals, there are no cases discussing the effect a default judgment has when an improper defendant is served when the proper defendant's name is very similar to the name of the defendant served. We believe the fairer rule would accord appellant the right to obtain such record and, thus, we reverse and remand this case for a new trial.

REVERSED AND REMANDED.