**WEST TEXAS STATE BANK,**
**Appellant,**

v.

**GENERAL RESOURCES MANAGE-**
**MENT CORPORATION, Appellee.**

**No. 14656.**

Court of Appeals of Texas,
Austin.

Jan. 14, 1987.

Rehearing Denied Feb. 4, 1987.

Philip R. Russ, Amarillo, for appellant.

Denise P. Tomlinson, Don L. Baker, Law Offices of Baker & Price, Austin, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

BRADY, Justice.

Appellant, West Texas State Bank, appeals a default judgment obtained against it by appellee, General Resources Management Corporation. The judgment was rendered on an application for writ of garnishment filed by General Resources. General Resources alleged that the Bank had in its possession funds belonging to one Ernest R. Reeves, against whom General Resources had an unpaid judgment for some $400,000.00. We will reverse the judgment and remand for a new trial.

On July 26, 1985, General Resources filed its application for writ of garnishment seeking to attach the contents of several alleged bank accounts with the West Texas State Bank in the name of Ernest R. Reeves. The accompanying affidavit recited that General Resources had a final and unsatisfied judgment against Reeves and that it believed the Bank owed a debt to Reeves in the form of the accounts in question. Because the Bank failed to answer, the trial court rendered a default judgment for $409,072.36 in favor of General Resources. No motion for new trial was filed and no action was taken by the Bank until this petition for writ of error was filed.

The judgment under attack was signed August 26, 1985. This judgment affirmatively demonstrates *in personam* jurisdiction over the garnishee by reciting that the garnishee was served with citation. The record before this Court also demonstrates that appellee certified to the district clerk the last known mailing address of appellant as required under Tex.R.Civ.P.Ann. 239a (1976) governing notice of default judgments. Further entries in the record show that actual notice of the judgment as *entered* on August 26, 1985 was given to appellant on August 30, 1985; thereafter, the plot thickens.

The original judgment signed by the trial judge on August 26, 1985 recited that it was rendered against "Ernest R. Reeves" and not against appellant "West Texas State Bank." Subsequently, a line was drawn through the name of Ernest R. Reeves and the name of West Texas State Bank was hand written above the deletion followed by the initials of the subscribing trial judge. Upon initial submission, we remanded the cause for a factual determination of when the alteration occurred. According to supplemental findings of fact made by the trial court, the interlineation effecting the judgment *nunc pro tunc* was performed "on or shortly before November 1, 1985." This Court notes that under Tex. R.Civ.P. 329b (1984), the trial court's plenary power to alter the judgment expired on September 25, 1985. Thus, it is clear that

the alteration occurred after the trial court lost jurisdiction over the merits of the cause.

A trial judge has authority to correct mistakes and misrecitals in a judgment after the judgment becomes final so long as the error to be corrected is clerical rather than judicial in nature. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex.1986); Tex. R.Civ.P.Ann. 316 and 317 (1977); *see generally* Reavley & Orr, *Trial Court's Power to Amend Its Judgments,* 25 Baylor L.Rev. 191, 194–198 (1973). A judicial error is one which arises from a mistake in law or fact determinative to the outcome of the cause and requiring the exercise of "judgmental offices" to correct. *Andrews, supra* at 585. A clerical error, on the other hand, is a mistake occurring in the reduction of the judgment to writing, the correction of which does not result from "judicial reasoning or determination" but rather an examination of whether the writing properly reflects the judgment as actually rendered. *Id.* In short, there is a distinction between the written record of a judgment and the actual rendition of the trial court's pronouncement on the merits; thus, the purpose of a judgment *nunc pro tunc* is to make the written record of the judgment "speak the truth" and accurately set forth the judge's decision and the relief ordered. *Conley v. Conley,* 229 S.W.2d 926, 928 (Tex.Civ.App.1950, writ dism'd); *see also* Peeples, *Trial Court Jurisdiction and Control over Judgments,* 17 St. Mary's L.J. 367, 381 (1986).

The determination of whether an error is judicial or clerical is a question of law and the trial court's determination of this issue is not binding on appeal. *Finlay v. Jones,* 435 S.W.2d 136, 138 (Tex.1969). The terms of the judgment actually rendered, however, is a question of fact that may be proven by the trial judge's personal recollection of its decision. *Davis v. Davis,* 647 S.W.2d 781, 783 (Tex.App.1983, no writ); *Petroleum Equipment Financial Corp. v. First National Bank,* 622 S.W.2d 152, 154 (Tex.App.1981, writ ref'd n.r.e.); *Bockemehl v. Bockemehl,* 604 S.W.2d 466, 469

(Tex.Civ.App.1980, no writ); *see also* Peeples, *supra* at 391. In its supplemental findings of fact and conclusions of law, the trial judge in the instant case found that:

1) The judgment of this Court dated August 26, 1985 was in fact rendered against Defendant Garnishee West Texas State Bank.

2) The judgment of this Court dated August 26, 1985 contained a misrecital of the name of the Defendant when it stated the name of the Defendant Garnishee was Ernest R. Reeves rather than West Texas State Bank.

While the findings of the trial court indicate the error in the garnishee's name was the result of a clerical mistake, the effect of the error was to deprive the appellant of notice that a judgment had been entered against it.

Errors in rendered and entered judgments are not clerical merely because they are based on or grow out of clerical mistakes. *Universal Underwriters Insurance Co. v. Ferguson,* 471 S.W.2d 28, 30 (Tex.1971); *Finlay v. Jones, supra* at 138. Even though a misstatement in a judgment arises from a clerical mistake, the error may be judicial if a correction *nunc pro tunc* deprives a party of a right that it would have possessed had the judgment been correctly entered before the trial court's plenary power expired.

The record indicates that on August 30, 1985 appellant was given notice of the judgment as entered on August 26, 1985. As entered on that date, the judgment did not state that any order had been made concerning appellant but only stated that a judgment had been rendered against Ernest R. Reeves. As a result, appellant was *not* put on notice that prompt action to set aside the default judgment was necessary in order to preserve any rights it may have had. The change in the name of the defendant did not occur until November 1, 1985, well after the judgment became final and any right to set aside the judgment by motion for new trial had expired. It is clear that while the error sought to be corrected by the judgment *nunc pro tunc*

was clerical in origin, it was judicial in effect because it deprived appellant of a substantial right.

It is significant to note, that in all cases we located where a misrecital of a name was held to be a clerical rather than judicial error, the name as incorrectly entered was so substantially similar to have given notice to the non-prevailing party of a judgment against it. *See e.g. Whicker v. Taylor*, 422 S.W.2d 609, 610 (Tex.Civ.App.1967, no writ) (entered against W.E. Whicker rather than E.W. Whicker); *Kendall v. Johnson*, 212 S.W.2d 232, 236 (Tex.Civ.App.1948, no writ) (change of defendant's name from Murphy Products Co. to Murphy Products Co. of San Antonio); *Rogers v. Allen*, 80 S.W.2d 1085, 1086 (Tex.Civ.App.1935, no writ) (note holder's name altered from W.T. Allen to J.T. Allen); *Goodyear Tire & Rubber Co. v. Pearcy*, 80 S.W.2d 1096, 1097 (Tex.Civ.App.1935, no writ) (change of initials); *c.f. Star Hill Co., Inc. v. BDP Co.*, 698 S.W.2d 235, 236 (Tex.App.1985, no writ hist.) (new trial required after *nunc pro tunc* change of defendant's name from Star Hill Co. to Star Hill Inc. because no proof proper defendant served before default judgment).

Notice of an adverse judgment was also not an issue in the cases we found where an omitted party's name was properly inserted *nunc pro tunc,* as in all these cases the party concerned participated in the trial. *See e.g. Whittaker v. Gee,* 63 Tex. 435, 436 (1885) (proper to add names of defendants inadvertently omitted); *Russel v. Miller,* 40 Tex. 494 (1874) (co-defendant omitted); *Batson v. Bentley,* 297 S.W. 769, 770 (Tex.Civ.App.1927) (defendant's name added). Conversely, it was improper to add *nunc pro tunc* the names of the partners to a judgment rendered against a partnership where there was no proof the partners had been served individually and given notice of the need to defend the suit in their individual capacities. *See Caliva v. Tex. Const. Material Co.,* 380 S.W.2d 641, 645 (Tex.Civ.App.1964, no writ).

■ Even if we were to hold the error sought to be corrected *nunc pro tunc* was

clerical, we do not believe the proper notice was given to satisfy the procedural requirements of Tex.R.Civ.P. 316 and 317. Both these rules allow the trial court to correct mistakes and misrecitals in judgments but only after reasonable notice of any application for correction is given to the opposite party. Here, the record does not contain any affirmative indication that appellant had notice of this change until after it was made. The failure to give all interested parties notice of an application to correct a judgment *nunc pro tunc* after the expiration of the trial court's plenary jurisdiction renders any correction a nullity. *Williams v. Pitts,* 151 Tex. 408, 251 S.W.2d 148, 150 (1952); *Conmark Equipment, Inc. v. Harris,* 595 S.W.2d 145, 146 (Tex.Civ.App.1980, no writ); *City of Houston v. Deshotel,* 585 S.W.2d 846, 850 (Tex.Civ.App.1979, no writ); *Johnson v. Hanson,* 575 S.W.2d 361, 362 (Tex.Civ.App.1978, no writ); *Cargill Inc. v. Van Deweghe,* 384 S.W.2d 216, 217 (Tex.Civ.App.1964, no writ).

Because we find the error in the judgment as initially entered failed to put the appellant on notice that a default judgment had been rendered against it and because appellant did not receive the required notice of the application for correction *nunc pro tunc* under rules 316 and 317, we reverse the judgment of the trial court and order the cause be remanded for a new trial.

Reversed and Remanded.