NUMBER 13-07-221-CV



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF TRANSPORTATION

AND CITY OF EDINBURG, Appellants,


v.
 


A.P.I. PIPE & SUPPLY, LLC AND

PAISANO SERVICE COMPANY, INC., Appellees.

 

On appeal from the County Court at Law No. 2 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 The City of Edinburg (the City) and the Texas Department of Transportation
(TxDOT), appellants, challenge the trial court's denial of their pleas to the jurisdiction
in this accelerated interlocutory appeal. See Tex. R. App. P. 28. Appellees, A. P. I.
Pipe & Supply, LLC and Paisano Service Company, Inc. (API) filed an inverse
condemnation claim against appellants for removing dirt during construction of a
drainage ditch. By one issue, the City and TxDOT contend that the trial court does
not have jurisdiction over this case because they have immunity. We affirm.

I. Background

 On February 24, 2003, the City filed a petition for condemnation in County
Court at Law No. 4, Hidalgo County, Texas. The petition sought to acquire fee title
to 9.869 acres of land out of Blocks 37, 38, and 39 of the Santa Cruz Ranch
Subdivision for the public purpose of laying out, opening, constructing, reconstructing,
maintaining, and operating a certain right-of-way for U.S. Highway 281 drainage
outfall ditches. In its petition, the City set out the following:

 That the Plaintiff [the City] and the Defendant [H.B. White a/k/a
Herschell B. White] (1) have been unable to agree on the value of said real
estate and interest therein to be condemned or the damages occasioned
by the acquisition of such land and ask that Special Commissioners be
appointed as provided by law to assess the damages of the Defendant. 
WHEREFORE, PREMISES CONSIDERED, Plaintiff respectively prays
that three disinterested freeholders be appointed as Special
Commissioners to assess the damages, [sic] of Defendant; that the said
Special Commissioners filed [sic] their decision as required by law; that
Plaintiff have a final judgment of condemnation vesting in the fee title to
said land and the rights therein, all as more particularly set out above .
. . .

 On April 25, 2003, a special commissioners hearing was held. White, the
landowner at that time, and the City presented evidence of the value of the property
based on appraisals prepared for each party by different appraisers. The appraiser
hired by the City valued compensation due White at $165,196, and White's appraiser
valued the compensation due at $326,721. Each appraiser valued the compensation
based on a fee simple acquisition. The special commissioners awarded $224,249 to
White as adequate compensation for the property being condemned. They also
awarded the City "all rights described and prayed for in Plaintiff's Original Statement
and Petition for Condemnation." 

 On May 1, 2003, the City deposited $224,249 into the court's registry, and on
May 7, 2003, White withdrew the money. Neither party objected to the award of the
special commissioners. On June 3, 2003, Hidalgo County Court at Law Number 4
entered its "Judgment of Court in Absence of Objection" (2003 Judgment) adopting
the special commissioners' award that vested fee title in the City.

 On May 19, 2004, the county court entered a "Judgment Nunc Pro Tunc" (2004
Judgment) regarding the same 9.869 acres of property. This order stated the
following:

 [The City] is entitled to condemn, and [does] hereby have judgment
against the above named Defendant and any other interested parties for
a right of way easement over that real property described in Exhibit "A"
and "B" for the purpose of opening, constructing and maintaining a
permanent channel or drainage easement in, along, upon and across
said property together with the right and privilege at all times of the
Plaintiff herein, its agents, employees and representatives of ingress and
egress to and from said property for the purpose of making any
improvements, modifications or repairs which Plaintiff deems necessary. 



The 2004 Judgment also provided that it "supercedes and makes [the] 'Judgment of
Court in Absence of Objection' signed on June 3, 2003 [,] null and void, without effect
and vacated by this Court. This Court hereby enters the Judgment Nunc Pro Tunc
as the sole and final judgment of the case." The 2004 Judgment was filed in the real
property records on May 19, 2004, and, according to API, was approved by
appellants. 

 In September 2004, through a general warranty deed with a vendor's lien
attached, API purchased approximately 34 acres from White. This purchase included
the 9.869 acres of land at issue in this case, subject to an easement granted to the
City as set forth in the 2004 Judgment. On June 22, 2005, the City granted an
easement over the property in question to the State of Texas, by and through TxDOT,
"for the purpose of opening, constructing and maintaining a permanent channel or
drainage easement." On May 16, 2006, API filed its original petition against
appellants, claiming inverse condemnation for the taking of soil located within the
drainage channel. TxDOT and the City filed pleas to the jurisdiction which the trial
court denied. This interlocutory appeal ensued. We affirm. 

II. Standard of Review

 The purpose of a plea to the jurisdiction is to "defeat a cause of action without
regard to whether the claims asserted have merit." Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000). A challenge to the trial court's subject matter
jurisdiction is a question of law, which we review de novo. Tex. Dep't of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). When necessary, we will
consider relevant evidence submitted by the parties to resolve the jurisdictional
dispute if the plea to the jurisdiction implicates the merits of the plaintiff's cause of
action and relevant evidence is submitted by the parties. Id. at 227 (citing Bland
Indep. Sch. Dist., 34 S.W.3d at 555). However, the court should consider only the
evidence relevant to the jurisdictional issue. Bland Indep. Sch. Dist., 34 S.W.3d at 555.

 "[I]f the relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of
law." Miranda, 133 S.W.3d at 228. However, a trial court cannot grant the plea to the
jurisdiction if the evidence creates a fact question regarding the jurisdictional issue. 
Id. at 227-28. "[I]n some cases, disputed evidence of jurisdictional facts that also
implicate the merits of the case may require resolution by the finder of fact." Id.

III. Applicable Law If a trial court attempts to correct a judicial rather than clerical error by signing
a judgment nunc pro tunc after the expiration of its plenary power, the judgment is
void. Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973). Judicial error is an error
in rendering the judgment. Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986). 
Judicial errors are predicated on a mistake of law or fact requiring judicial reasoning
or determination to correct. W. Tex. State Bank v. Gen. Res. Mgmt. Corp., 723 S.W.2d
304, 306 (Tex. App.--Austin 1987, writ ref'd n.r.e.). A clerical error results when there
is a discrepancy between the entry of judgment in the official record and the judgment
as it was actually rendered. Universal Underwriters Ins. Co. v. Ferguson, 471 S.W.2d
28, 29-30 (Tex. 1971). A clerical error is not a substantive change in the judgment. 
Dickens v. Willis, 957 S.W.2d 657, 659 (Tex. App.--Austin 1997, no pet.).

 Sovereign immunity generally protects the State and other governmental
entities from suit. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). 
Political subdivisions, including cities, are protected by governmental immunity unless
waived. City of LaPorte v. Barfield, 898 S.W.2d 288, 291 (Tex. 1995). Sovereign
immunity is properly asserted in a plea to the jurisdiction because it defeats the trial
court's subject matter jurisdiction. Miranda, 133 S.W.3d at 226. However, in a proper
inverse condemnation claim under Article I, Section 17 of the Texas Constitution
immunity is waived for the taking, damaging or destruction of property for public use. 
Tex. Const. art. I, § 17; Steele v. City of Houston, 603 S.W.2d 786, 791 (Tex. 1980). 
To recover on an inverse condemnation claim, a property owner must establish that
(1) the State or other governmental entity intentionally performed certain acts (2) that
resulted in the taking, damage, or destruction of the owner's property (3) for public
use. Gen. Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 598 (Tex. 2001). 
To recover on an inverse condemnation claim, the claimant must have owned the
property at issue. See id.

IV. Analysis

 By one issue, appellants generally contend they have immunity from suit. 

A. Judgment

 Appellants first argue that the trial court erred in denying their pleas to the
jurisdiction because the 2004 Judgment is void and, thus, the 2003 Judgment
granting the City fee simple title to the property at issue is the final judgment. API
argues that the 2004 Judgment is not void and is the final judgment. 

 In the 2003 Judgment, the county court adopted the special commissioners'
judgment which awarded the City "all rights described and prayed for in Plaintiff's
Original Statement and Petition for Condemnation." The City's prayer recited:

 Plaintiff [the City], respectfully prays that three disinterested freeholders
be appointed as Special Commissioners to assess the damages, of
Defendant; that the said Special Commissioners filed [sic] their decision
as required by law; that Plaintiff have a final judgment of condemnation
vesting in [the City] the fee title to said land and the rights therein . . . . 


(Emphasis added). Almost one year after entering its 2003 Judgment, the county
court issued its 2004 Judgment awarding a right of way easement over the property. 

 The trial court has plenary power to correct a clerical error made in entering
final judgment but not to correct a judicial error made in rendering a final judgment. 
See Escobar, 711 S.W.2d at 231. "[T]he only action [the trial court] had power to take
at the nunc pro tunc hearing . . . was to correct clerical errors, i.e. mistakes or
omissions that prevented the judgment as entered from accurately reflecting the
judgment that was rendered." Universal Underwriters Ins. Co., 471 S.W.2d at 29-30;
see Tex. R. Civ. P. 316 (establishing that after a judgment becomes final and the trial
court's plenary power expires, the trial court may correct clerical errors by a nunc pro
tunc judgment); Escobar, 711 S.W.2d 230, 231; see also Pearson v. State, 315 S.W.2d
935, 938 (Tex. 1958) (stating in a condemnation proceeding, if no objections are
timely filed, the trial court is required, as a matter of ministerial duty, to render
judgment "on the [special commissioners'] award," and that award is not appealable).

 In this case, judgment was rendered when the county court entered the 2003
Judgment pursuant to the "Decision and Award of Special Commissioners." See State
v. Garland, 963 S.W.2d 95, 98 (Tex. App.--Austin 1998, pet. denied) ("[T]he trial court
can only perform its ministerial function and render judgment based upon the
commissioner's [sic] award."). The 2003 Judgment awarded the City the property in
fee, while the 2004 Judgment granted the City only an easement over the property,
thus making a judicial rather than clerical correction. Because the trial court
attempted to correct a judicial rather than clerical error by signing a judgment nunc
pro tunc after the expiration of its plenary power, we conclude that the 2004 Judgment
is void. (2) See Dikeman, 490 S.W.2d at 186. Therefore, the City acquired the property
in fee simple pursuant to the 2003 Judgment.

 Nonetheless, API argues that the 2003 Judgment was not a final judgment
because it did not dispose of all issues and parties and was not sufficiently definite
and certain to define and protect the parties' rights. Further, API asserts that because
the 2003 Judgment and its exhibits are vague and ambiguous by referring to a "right
of way," "fee title," and a "drainage ditch," there is no way to ascertain exactly what
the City acquired. We disagree.

 The 2003 Judgment expressly adopts the "Decision and Award of Special
Commissioners," which in section one, awarded White, the landowner at the time,
$224,249 as compensation. Moreover, pursuant to the "Decision and Award of
Special Commissioners" adopted by the 2003 Judgment, the City acquired "all rights
described and prayed for in Plaintiff's Original Statement and Petition for
Condemnation." The City clearly prayed for the property in fee simple. (3) We are, thus,
not persuaded by API's arguments.

B. API's Interest in the Property

 Appellants next argue that because the 2003 Judgment awarded the City the
property in fee simple, API does not have an interest in the property, and therefore,
API cannot prove a proper inverse condemnation claim. In response, API argues
that, as a good faith purchaser, it is not bound by the unrecorded 2003 Judgment, but
only by what it actually knew or by what was filed in the property records when it
purchased the property at issue.

 As set out above, to recover on its inverse condemnation claim, API must have
owned the property at issue. See Little-Tex, 39 S.W.3d at 598. Although we have
concluded that the City acquired the property at issue in fee simple pursuant to the
2003 Judgment, an unrecorded conveyance of any interest in real property is void as
to a creditor or subsequent purchaser who gives valuable consideration and is without
actual notice of the transaction. See Tex. Prop. Code Ann. § 13.001(a) (Vernon
2004). There is evidence in the record that only the void 2004 Judgment was
recorded and that API purchased the property from White subject to an easement
owned by the City. There is no support in the record to establish that the conveyance
to the City in fee simple, awarded pursuant to the 2003 Judgment, was recorded. 
Furthermore, API asserts it did not have actual knowledge of the 2003 Judgment. 
Thus, fact questions remain which affect the jurisdictional issue of appellants'
immunity claim. See Miranda, 133 S.W.3d at 228. Because a trial court cannot grant
the plea to the jurisdiction if the evidence creates a fact question regarding the
jurisdictional issue, the trial court correctly denied appellants' pleas to the jurisdiction. 
Id. at 227-28. Accordingly, we overrule appellants' sole issue.

V. Conclusion

 We affirm the trial court's denial of appellants' plea to the jurisdiction.

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 10th day of January, 2008.
1. At the time the City filed its petition, the property was owned by H. B. White a/k/a Herschell
B. White. API purchased the property from White at a later date and, thus, was not a party in the City's
condemnation proceeding. 
2. API asserts appellants may not now argue that the 2004 Judgment is void because appellants
have either waived the argument or are estopped from making it. We disagree. Jurisdiction cannot
be conferred by estoppel or by waiver. Washington v. Tyler Indep. Sch. Dist., 932 S.W.2d 686, 689-90
(Tex. 1996); see Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986) ("Generally, a trial court lacks
jurisdiction to make substantive rulings outside its plenary power."); Custom Corporates, Inc. v. Sec.
Storage, Inc., 207 S.W.3d 835, 838 (Tex. App.--Houston [14th Dist] 2006, no pet.) (expressing that
once the trial court's plenary power expires it no longer has jurisdiction and its orders are void). 
3. We note the City also argues it is not a proper party to this suit because it neither constructed
the drainage ditch, nor removed the dirt from the ditch. However, the City does not provide authority
for its contention, therefore we do not address this issue as it is inadequately briefed. See Tex. R. App.
P. 38.1(h).