

NUMBER 13-07-00448-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RHONDA LYNN GILCHRIST,                                **Appellant,**

**v.**

MARION SCOTT GILCHRIST,                               **Appellee.**

### On appeal from the 88th District Court
### of Tyler County, Texas

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Rhonda Gilchrist, appeals from the trial court's order granting a judgment nunc pro tunc in a divorce action. By two issues, Rhonda contends that; (1) the trial court erred in granting the judgment nunc pro tunc because the mistake in the final decree of

divorce was a judicial error not a clerical one; and (2) this Court should award her the amount of the bank balance on the date the mediation agreement was signed. We reverse and render.

I. BACKGROUND

Rhonda Lynn Gilchrist and Marion Scott Gilchrist were married on May 18, 1985, and separated on August 1, 2004. In August 2004, Rhonda filed for divorce. The couple had two children, but only one was still in high school at the time of the divorce.

The parties participated in mediation and signed a mediation agreement on November 7, 2005. The mediation agreement gave Rhonda "the Tahoe, the Mustang, and the Kawasaki Mule as well as the Chapparal boat, the Pontoon boat, her IRA's, accounts in her name, one half (½) the family photographs." She was also given $185,000 to be paid over ten years at five percent interest and her jewelry. All real and personal property not explicitly given to Rhonda was given to Scott. As part of this mediation agreement, Scott completed an inventory of community and separately owned property. Rhonda did not prepare an inventory because Scott maintained the family finances. In the inventory, sworn to by Scott, he characterized Citizens State Bank account number 370394 as "WSP" or wife's separate property. When the inventory was amended after the mediation, the account was still characterized as "WSP". This amended inventory included a column marked "wife" and one marked "husband"; there was a "w" in the wife column next to Citizens State Bank account number 370394. Scott, however, contends that his ex-wife should not have received this account.

The final divorce decree awards Rhonda "the funds on deposit, together with accrued but unpaid interest, in the following banks, savings institutions, or financial

2

institutions in the sole control of wife, including but not limited to: a. Citizens State Bank, account number DDA 370394." After the mediation agreement and the final judgment were entered, Scott continued to use account 370394. He deposited money into the account and paid alimony to Rhonda from the account. When Scott discovered that Rhonda believed the account was hers, he closed it. Rhonda then filed a motion for enforcement of property division. Scott responded by filing a motion for judgment nunc pro tunc that was granted. This appeal followed.

## II. SUBSTANTIVE LAW AND STANDARD OF REVIEW

"After the trial court loses its jurisdiction over a judgment, it can correct only clerical errors in the judgment by judgment nunc pro tunc." *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). "A judicial error occurs in the *rendering* as opposed to the *entering* of judgment." *Id.* (emphasis in original). A clerical error does not result from judicial reasoning or determination. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986). A clerical error is a discrepancy between the entry of judgment in the record and the judgment that was actually rendered. *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.–Houston [1st Dist.] 2005, no pet.). Whether judgment was rendered and the nature of that judgment are questions for the trial court. *Avila v. Lone Star Radiology*, 183 S.W.3d 814, 821 (Tex. App.–Waco 2005, no pet.). Whether an error is clerical or judicial is a matter of law, therefore the trial court's determination as to the nature of the error is not binding on this Court. *Tex. Dep't of Pub. Safety v. Moore,* 51 S.W.3d 355, 358 (Tex. App.–Tyler 2001, no pet.).

3

III. ANALYSIS

Rhonda raises two issues. First, she claims the trial court erred in granting Scott's motion for judgment nunc pro tunc. Second, she claims that she should be awarded the balance of Citizens State Bank account number 370394 as of the date the mediation agreement was signed, rather than as of the date the final decree of divorce was signed.

Errors in a written judgment are not automatically clerical merely because they arose out of clerical mistakes. *W. Tex. State Bank v. Gen. Res. Mgmt. Corp.*, 723 S.W.2d 304, 306, (Tex. App.–Austin 1987, writ ref'd n.r.e.); *Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28, 30 (Tex. 1971). Here, the mistake arose out of an error made by Scott in his preparation of the inventory that was made part of the mediated settlement agreement. He testified that he accidentally gave the account to Rhonda because he was more worried about apportioning the real property. He also testified, that if he had noticed that the inventory listed the account in her name, he would have changed it.

Judgments nunc pro tunc can not make substantive changes. *In re Marriage of Ward*, 137 S.W.3d 910, 913 (Tex. App.–Texarkana 2004, no pet.). If the issue in error is one of the primary judicial decisions the court made, then any change made is material and is therefore a judicial error. *Wood v. Griffin & Brand of McAllen*, 671 S.W.2d 125, 129 (Tex. App.–Corpus Christi 1984, no writ). A court cannot use a judgment nunc pro tunc to change the terms of the original judgment. *Mathes v. Kelton*, 569 S.W.2d 876, 877-78 (Tex. 1978); *Cappadona Elec. Mgmt. v. Cameron County*, 180 S.W.3d 364, 375 (Tex. App.–Corpus Christi 2005, no pet.).

Here, the error is a material one. By changing the order to award the account to Scott, the trial court materially altered the terms of the original judgment. This term affected both the mediation and the final settlement. In fact, Rhonda testified that she relied on the inventories to reach an agreement at mediation. Retroactively changing an essential term that she relied on casts a doubt on whether Rhonda would have even agreed to the settlement in the first place. Not only does the nunc pro tunc order change the final judgment, it changes the parties' original agreement. While Scott admitted that he mistakenly gave Rhonda the account, he nevertheless included it as her property in the inventory, which was used in reaching a settlement agreement and subsequently formed part of the judgment. We sustain Rhonda's first issue.

The second issue is not contested by Scott. Rhonda claims the mediated settlement agreement is binding as of the date it was signed. *In re Marriage of Joyner*, 196 S.W.3d 883, 889 (Tex. App.–Texarkana 2006, pet. denied). A mediated settlement agreement is binding on all parties if the agreement clearly says it is binding, is signed by both parties, and is signed by each party's attorney. TEX. FAM. CODE ANN. § 6.602(b) (Vernon 2006). Scott does not address Rhonda's contention that the settlement agreement is binding when signed. *See* TEX. R. APP. P. 38.1(h). He merely contends that the mediation agreement should be binding. Since the mediation agreement meets the statutory requirements of a binding agreement, we conclude the mediation agreement was binding as of the date it was signed, and Rhonda should be awarded the bank account balance as of November 7, 2005, which was $26,629.77. We sustain Rhonda's second issue.

## IV. Conclusion

For the foregoing reasons the trial court's judgment is reversed, and judgment is rendered in favor of Rhonda Gilchrist. Therefore, because the mediated settlement agreement was binding on the date it was signed, Rhonda is entitled to $26,629.77, the balance of account 370394 as of November 7, 2005.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 26th day of June, 2008.

6